STATE of South Dakota, Plaintiff
and Appellee,

v.

Lisa Ann McDONALD, Defendant
and Appellant.

No. 15781.

Supreme Court of South Dakota.

Argued Nov. 17, 1987.

Decided March 16, 1988.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

James E. McCulloch of Minick, Nelson and McCulloch, Vermillion, for defendant and appellant.

SABERS, Justice.

Lisa Ann McDonald (McDonald) appeals a conviction for driving while under the influence of an alcoholic beverage (SDCL 32–23–1(2)).

### Facts

Vermillion Police Officer Troy Lubbers (Lubbers) stopped McDonald on August 25, 1986 at approximately 9:27 p.m. because McDonald's car had a broken headlight. Lubbers approached McDonald's window and detected an odor of alcohol. McDonald went back with Lubbers to his patrol car so Lubbers could issue a repair ticket. Once in the car, Lubbers noticed that the odor of alcohol was stronger. He asked McDonald if she had been drinking and she responded affirmatively. The officer administered eight dexterity tests to McDonald. Although McDonald made some minor mistakes, the results of the field tests did not conclusively indicate intoxication. After some hesitation, Lubbers arrested McDonald. Blood was drawn for a blood test at 10:04 p.m. After her arrest a search of McDonald's vehicle revealed two empty low-point beer cans and a large wet spot that smelled of beer on the floor of the driver's side.

McDonald was charged alternatively with a violation of SDCL 32–23–1(1) (driving with a blood alcohol content of .10 percent or more), or SDCL 32–23–1(2) (driving under the influence of an alcoholic beverage).

At trial, the state chemist was unable to state with reasonable scientific certainty that McDonald had 0.10 or more percent alcohol in her blood at the time she was driving. Although the blood test had revealed a 0.140 (first testing) and 0.133 (second testing) percent blood alcohol content, the chemist had not been asked by the State to extrapolate the results to the time of driving (thirty-seven minutes prior to the taking of the blood sample) to determine blood alcohol content. Thereafter, the trial court dismissed the charge which was based on SDCL 32–23–1(1).

McDonald was convicted of driving under the influence in violation of SDCL 32–23–1(2). She appealed the jury verdict of the law-trained magistrate court (the trial court) to the circuit court which affirmed. She appeals again and we reverse and remand.

1. MUST BLOOD TEST RESULTS BE EXTRAPOLATED TO TIME OF DRIVING IN UNDER THE INFLUENCE CHARGE?

During the trial, the State called Roger Mathison, state chemist, to testify as to the results of blood alcohol testing conducted by Mathison. McDonald's counsel objected to the admission of the test results on the grounds of relevancy, but was overruled. Mathison testified that the first test, on August 27th, showed 0.140 percent alcohol in the blood. The second test, conducted on November 21st, showed 0.133 percent alcohol in the blood. Mathison testified that it was normal to see a loss of 0.005 to

0.01 percent of alcohol in the blood during the time period between testings. Mathison later testified as to the information necessary to attempt an extrapolation of the test results back to the time of driving. He stated "[a]n average individual will lose alcohol at about 0.015 percent per hour[ ]," but that the peak alcohol level is reached about thirty to forty-five minutes after the last ingestion of alcohol. In response to a hypothetical question by the prosecutor, Mathison testified that for a female of McDonald's height and weight to reach 0.140, she would have to consume four to four and one-third twelve ounce, low-point beers within forty-five minutes prior to the blood being drawn.[1] Mathison testified that without further information he could not determine what the blood alcohol level would have been at the time of driving.

On cross-examination, Mathison stated that there was a 5% possible deviation between the blood alcohol level and the test results, so that the alcohol level could have been as high as .147 or as low as .133.

■ McDonald contends that caselaw from other jurisdictions and dicta in *State v. Helmer,* 278 N.W.2d 808 (S.D.1979), support the proposition that the State must provide an extrapolation back to the time of the offense for blood test results to be admissible. In *Helmer, supra,* we did not address the issue of the admissibility of blood test results absent extrapolation because the issue was not preserved. However, we stated:

> The results were admissible for the purpose of being used to extrapolate the blood alcohol level back to the time of arrest.... [T]he results were never used for the limited purpose for which they can be admitted.

*Id.* at 813. Although dicta, we do not disagree with this statement. Helmer was charged with "driving while there was 0.10% or more by weight of alcohol in his blood." A similar charge against McDonald was dismissed when extrapolation efforts resulted in the State being unable to prove, beyond a reasonable doubt, that her blood alcohol level was 0.10% or more at the time of the offense.[2] The claimed error must relate to the admissibility of blood test results in a violation of SDCL 32–23–1(2)—driving under the influence of an alcoholic beverage.

■ SDCL 19–12–1 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The blood test results are relevant evidence of consumption of alcoholic beverages. McDonald's blood alcohol level approximately thirty-seven minutes after she was stopped is evidence of a fact that is of consequence to the determination of the action and affects the probability of the existence of the fact of intoxication. "The lapse of time prior to the extraction of [blood] samples goes to the weight to be afforded the test results and not to their admissibility." *State v. Sutliff,* 97 Idaho 523, 547 P.2d 1128, 1129 (1976).

## 2. WAS INSTRUCTION CONCERNING SDCL 32–23–7 PRESUMPTIONS PROPER?

McDonald contends that the trial court's Instruction No. 6 was improper in that it shifted the burden to her to rebut a presumed fact in violation of SDCL 19–11–4.

1. On cross-examination, Mathison stated that for a woman of McDonald's size to test 0.14 percent at 10:04 p.m., but to have been 0.10 or less at 9:25 to 9:29 p.m., she would need approximately sixteen ounces of low-point beer in her stomach or intestinal tract at 9:29 p.m. Later, Mathison stated that because alcohol is absorbed into the blood stream very rapidly, it would take about two twelve ounce beers in the ten minutes before she stopped driving to have sufficient unabsorbed alcohol to later result in a 0.14 test.

2. In prosecutions under SDCL 32–23–1(1) and (2), it is not necessary for an expert witness to extrapolate for the jury. However, the evidence necessary to enable the court and/or the jury to extrapolate is required in prosecutions under SDCL 32–23–1(1), and may be required in prosecutions under SDCL 32–23–1(2) to obtain instructions on the presumptions contained in SDCL 32–23–7. See discussion on SDCL 19–11–3, *infra.*

Jury Instruction No. 6 [3] is patterned on the 1978 version of South Dakota Pattern Jury Instruction 3–7–400d. The only portion of the instruction which is challenged is the last paragraph. McDonald proposed an instruction which differs from the court's only in respect to this last paragraph.[4]

The statutory scheme for instructing on presumptions such as are contained in SDCL 32–23–7, is set out in SDCL 19–11–1, –2, –3, and –4.

SDCL 19–11–3 provides:

The court is not authorized to direct the jury to find a presumed fact against the accused. If a presumed fact establishes guilt or is an element of the offense or negatives a defense, the court may submit the question of guilt or of the existence of the presumed fact to the jury, but only if a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt. If the presumed fact has a lesser effect, the question of its existence may be submitted to the jury provided the basic facts are supported by substantial evidence or are otherwise established, unless the court determines that a reasonable juror on the evidence as a whole could not find the existence of the presumed fact.

SDCL 19–11–4 provides:

Whenever the existence of a presumed fact against the accused is submitted to the jury, the court shall instruct the jury that it may regard the basic facts as sufficient evidence of the presumed fact but is not required to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the court shall instruct the jury that its existence, on all the evidence, must be proved beyond a reasonable doubt.

The source of SDCL 19–11–2, –3, and –4 is Uniform Rules of Evidence 303(a), (b), and (c).[5] The Rule was not intended to apply to statutory presumptions which "make evidence admissible or carry the case to the jury in the absence of contrary

---

**3.** Jury Instruction No. 6 is as follows:

Evidence has been introduced as to an analysis of blood taken from the defendant shortly after her arrest in this case. The statutes of the State of South Dakota provide that in a prosecution for driving a motor vehicle while under the influence of an alcoholic beverage the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant's blood may give rise to the following presumptions:

(1) If there was at the time five hundredths percent or less by weight of alcohol in defendant's blood, it may be presumed that the defendant was not under the influence of intoxicating liquor.

(2) If there was at that time in excess of five hundredths percent but less than ten hundredths percent by weight of alcohol in the defendant's blood, such fact may not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

(3) If there was at that time ten hundredths percent or more by weight of alcohol in the defendant's blood, it may be presumed that the defendant was under the influence of intoxicating liquor.

You are further instructed that the presumptions created by this statute are not conclusive, but are only prima facie evidence and

are to be considered by you in connection with other evidence submitted in the case, in determining the guilt or innocence of the defendant. *By prima facie evidence is meant that evidence which suffices for the proof of a particular fact until contradicted and overcome by other evidence.* (emphasis added)

**4.** The last paragraph of McDonald's proposed instruction is as follows:

You are further instructed that the presumptions authorized by this instruction are not mandatory, and you are not obligated to accept them. You may regard the evidence of defendant's blood-alcohol content as proof of whether she was under the influence of an alcohol beverage, to the extent authorized by this instruction, but you are not required to do so. The weight, or importance, that you give to this evidence of defendant's blood-alcohol content is entirely up to you. *However, before you find this defendant guilty of the offense charged, you must find beyond a reasonable doubt, from all the evidence in this case, that the defendant at the time of the alleged offense was under the influence of an alcoholic beverage.* (emphasis added)

**5.** Rule 303 was deleted by Congress during consideration of the Uniform Rules of Evidence. However, it has been adopted and enacted by several states.

proof or some other lesser effect." 21 Wright & Graham, *Federal Practice and Procedure: Evidence* § 5143 (1977). Rather, the Rule was intended to apply to those statutes which provide that certain evidence is "prima facie" and which fall outside of the above exception. *Id.*

In applying the Rule, it first must be determined what facts must be established by the State in order to give rise to the presumption. *Id.* at § 5145. SDCL 32–23–7 contains three subdivisions, only two of which give rise to presumptions. If the evidence shows the basic fact of a blood alcohol content of 0.05 percent or less "at that time," then this basic fact gives rise to a presumed fact that the defendant was not under the influence. Alternatively, if the State shows the basic fact of a blood alcohol content of 0.10 percent or more, "at the time," then the presumed fact is that the defendant was under the influence.

In a charge of "driving under the influence," this presumed fact is also an element of the offense; it is an "ultimate issue presumption." *Id.* at § 5145. When faced with an "ultimate issue presumption," the Rule "should be read as requiring that the evidence of the basic fact be such that the jury could find that fact beyond a reasonable doubt." *Id.* The jury must be able to find the basic fact proven beyond a reasonable doubt before they may be instructed "that they can infer the presumed fact from the basic fact alone." *Id.* If the basic fact has not been proven beyond a reasonable doubt, it may still be considered along with other evidence, but no instruction can be given to aid in proving the presumed fact. *Id.*

SDCL 19–11–3 is addressed to the trial court. The statute requires that, where a presumed fact establishes guilt or is an element of the offense or negatives a defense, the court must first determine that a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt. Here, the court should have first determined that a reasonable juror on the evidence as a whole, including the evidence of basic facts, could find guilt or the presumed fact (driving under the influence) beyond a reasonable doubt. If the trial court's conclusion is that a reasonable juror could so find, then the trial court may submit the question of guilt or of the existence of the presumed fact to the jury. SDCL 19–11–3, therefore, gives the trial court direction on *when* to submit the question of presumed fact to a jury. If the trial court determines that this test is not met, any instruction on the presumed fact is improper.

SDCL 19–11–4 gives the trial court directions on *how* instructions on presumptions should be framed once the determination is made under SDCL 19–11–3 that an instruction is appropriate. "[T]he court shall instruct the jury that it may regard the basic facts as sufficient evidence of the presumed fact but is not required to do so." This sentence requires the court to instruct the jury that it is free to determine for itself whether it will find that the basic facts have sufficiently proven the presumed fact. However, SDCL 19–11–4 goes on to require that if the presumed fact (driving under the influence) establishes guilt or is an element of the offense or negatives a defense (as it did in this case), the court is required to instruct the jury that the existence of the presumed fact, on all the evidence, must be proved beyond a reasonable doubt.

The reasoning behind the requirements of SDCL 19–11–3 and –4 is clear. When the prosecution submits basic facts to a jury in anticipation of being able to utilize those basic facts to gain the advantage of a statutory or common law presumption, the trial court must remind the jury of the burden of proof which the prosecution bears. If the jury is not instructed that it must still find guilt beyond a reasonable doubt, regardless of the presumptions, the danger exists that the jury will give greater weight to the presumptions than it should. This is precisely the problem which has arisen here as a result of Jury Instruction No. 6. Although another instruction informed the jury of the State's burden of proof, it was insufficient to cure

the defect in Instruction 6. SDCL 19–11–4 clearly requires that an instruction on presumptions include this admonition on the burden of proof.[6]

## PROSPECTIVE EFFECT

Although SDCL 19–11–3 and 19–11–4 were enacted in 1978, this is the first time this court has been asked to construe their effect on SDCL 32–23–7. Therefore, this decision shall have a prospective application only and shall not be applied retroactively to trials or appeals occurring before the effective date of this decision.

Because we reverse and remand for a new trial on Issue 2, we need not address McDonald's claims of error in closing argument.

HENDERSON and MILLER, JJ., concur.

MORGAN, J., concurs in part and concurs in result in part.

WUEST, C.J., specially concurs.

MORGAN, Justice (concurring in part, concurring in result in part).

I concur in the result on Issue 1, necessity for extrapolation of blood tests. The issue before us is the necessity where the charge is driving under the influence, SDCL 32–23–1(2). I disagree with the statements in footnote 2 that it is unnecessary for extrapolation by the expert witness in prosecutions under the .10 charge, SDCL 32–23–1(1). The majority opinion has noted that the state chemist, testifying as the expert, said that he was unable to state with reasonable scientific certainty that McDonald had .10 or more percent alcohol in her blood at the time she was driving. Are we then to turn the jury loose to do the extrapolation that an expert cannot do? Because I feel that any reference to prosecutions under SDCL 32–23–1(1) is obiter dicta, I merely concur in the result as to disposition of the prosecution before us under SDCL 32–23–1(2).

I concur with the disposition of Issue 2 on jury instructions.

WUEST, Chief Justice (concurring specially).

I agree that SDCL §§ 19–11–3 and 19–11–4 apply in this case and that the instructions were inadequate under these statutes. I also agree with the majority's analysis of these statutes because, in essence, it gives them their fair meaning. The opinion sets forth the burdens that must be met before the presumption applies and explains the application of the presumption when it is justified under the evidence. This is an area, however, which conceptually must be clearly understood and which I feel could bear additional comment.

A person violates SDCL 32–23–1(2) if they drive or are in actual physical control of any vehicle while under the influence of alcohol. Under SDCL 32–23–7, a person who has a blood alcohol content of .10 percent or more at the time alleged is *presumed* to be under the influence of alcohol. The word "presumption" in SDCL 32–23–7 is used in the sense of a "permissive inference" or "prima facie" proof. *State v. Spry*, 87 S.D. 318, 207 N.W.2d 504 (1973). Thus, the jury may, but is not required to, infer the presumed fact from the basic fact, i.e., evidence of a .10 percent blood alcohol level is sufficient to justify a finding that a person is under the influence of alcohol, but the jury is free to either accept or ignore that inference.

This court has never ruled on the relationship between SDCL 32–23–1(2) and SDCL 32–23–7. Specifically, we have never ruled whether or not, for purposes of applying the statutory presumption in driving under the influence cases, the words "at the time alleged" in SDCL 32–23–7 must by necessity mean *the time of the alleged offense*, i.e., when the person was driving or in actual physical control of the vehicle. It seems clear, however, that under the present form of these statutes, the driver must have had a blood alcohol content of .10 percent or more *at the time he*

---

6. As of September 1987, this admonition is contained in the current pattern jury instruction 3–10–5. This instruction is consistent with SDCL 19–11–4.

*or she was driving* before it may be presumed that they were *"driving* under the influence."

This is a statutory presumption in a criminal case; a statutory presumption making one fact "prima facie" evidence of another fact. This presumption has the effect described in SDCL 19-11-2 because "certain facts are 'prima facie' evidence of other facts or guilt." Therefore, SDCL §§ 19-11-3 and 19-11-4 apply pursuant to SDCL 19-11-2.

SDCL 19-11-3 governs submission of the presumed fact to the jury. If the presumed fact establishes guilt or is an element of the offense, the court may put this ultimate issue to the jury only if all the evidence is sufficient to support a finding of guilt, or of the element, beyond a reasonable doubt. This is a sufficiency of the evidence determination similar to the approach applied in determining a motion for judgment of acquittal. *See Federal Advisory Committee Note,* 56 F.R.D. 183, 212-14 (1973).

The basic fact involved with this presumption is the blood alcohol content held by the driver. If the blood alcohol content is proven to be .10 percent or more at the time the driver is stopped, the jury may infer the presumed fact that the person was under the influence at that time. While I would agree this is an ultimate issue presumption, I believe it is so because the presumed fact "establishes guilt" and not because it is an "element of the offense" as that term is commonly understood.

SDCL 19-11-4 governs instructions to the jury. The court must instruct the jury that upon sufficient evidence of the basic fact, the trier may, but need not, infer the presumed fact. The standard of proof of the basic facts leading to an ultimate issue presumption is not explicitly stated in the statute, but I agree with the majority that the rule should be read to require evidence of the basic fact such that the jury could find that fact beyond a reasonable doubt. While the trier may infer the presumed fact from the basic fact alone, the prosecution must introduce sufficient evidence that

a reasonable juror could find the basic fact to have been proved beyond a reasonable doubt. At most, the defendant bears the practical burden of going forward in the sense that, if he does not produce countervailing evidence concerning the basic fact of blood alcohol content, the jury is more likely to be persuaded to draw the inference.

Although the jury has the freedom to accept (or reject) the presumed fact based on sufficient proof of the basic fact, the second sentence in SDCL 19-11-4 makes it clear that the presumption cannot operate to excuse the government from having to prove the existence of a presumed fact which also establishes guilt or is an element of the offense. Therefore, along with evidence of the basic fact of blood alcohol content, the jury must also examine all of the other evidence proving or disproving the presumed fact (whether the driver was under the influence) before arriving at its verdict.

It is also clear, however, that while the evidence as a whole must establish the presumed fact (ultimate issue) beyond a reasonable doubt, the jury may arrive at a determination of guilt solely on the basis of the blood test and those facts, however limited, that led to its production. Although the other facts that relate to whether or not the driver was under the influence and which provide the officer with probable cause may be limited, the jury may arrive at a determination of guilt regardless of the amount of such other evidence because of the strength the law attaches to the blood test results. Therefore, if the defendant offers no argument concerning the blood test or does not effectively address any of the other circumstances surrounding the case, there may be no reasonable doubt remaining on the ultimate issue.

I agree with the majority that the blood test is *admissible.* The required *foundation* and *relevance* are both present in a "driving under the influence" case even if the test results are not related back to the time of driving. Evidence that the defendant's blood alcohol level was .14 shortly

after her arrest tends to prove that at some time prior to her arrest the defendant had consumed some quantity of alcohol. The test results and related testimony may not be conclusive as to whether the defendant was "under the influence" when she was stopped, but proof of consumption is evidence that might reasonably lead to that conclusion. *Tyner v. State,* 503 N.E.2d 444 (Ind.App.1987); *Smith v. State,* 502 N.E.2d 122 (Ind.App.1986).

However, I think citing *Helmer* in reference to the issue of *admissibility* in this case could cause some confusion. *Helmer* involved a case where the defendant was charged only for a *per se* violation of driving with a prohibited amount of alcohol in the blood, and the issue was whether extrapolation was necessary for the *admissibility* of the blood test. As the majority notes, in this case the trial court dismissed the charge on the per se ".10 percent violation," and the claimed error must relate to the "driving under the influence" charge. Therefore, reference to the *admissibility* of a blood test in a *Helmer* situation is not pertinent to resolving admissibility in this case. As the majority opinion has already noted, in a case where there is a question whether a person was driving while "under the influence," the blood test is not just admissible *solely* for the "limited purpose" of proving what the blood alcohol content was at the time of the offense. While extrapolation evidence may be necessary for purposes of applying the statutory presumption, as well as for purposes of establishing guilt under SDCL 32–23–1(1), the blood test is plainly admissible to prove the driver was drinking before she was stopped. Therefore, the reader should be cautioned that the *dicta* in *Helmer* cited in this case should only be read in conjunction with the important language found in footnote two of this opinion.