**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Milo LADWIG, Defendant and Appellant.**

**No. 16039.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 28, 1988.

Decided Jan. 11, 1989.

R. Shawn Tornow Asst. Atty. Gen. Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

John D. Knight of Turbak Law Office, Watertown, for defendant and appellant.

MILLER, Justice.

Appellant Milo Ladwig (Ladwig) appeals his conviction of driving with 0.10 percent or more of alcohol in his blood, arguing that the trial court erred in (1) failing to dismiss the charges against him at the conclusion of State's evidence and (2) refusing certain proposed jury instructions. Because State failed to introduce any evidence of Ladwig's blood alcohol content at the time he was operating his vehicle, we reverse.

## FACTS

Ladwig was stopped at a traffic check in Codington County, South Dakota. He was unable to produce his driver's license. Because of his appearance and demeanor, he was asked to perform a series of field sobriety tests. He failed to perform the tests to the officer's satisfaction and therefore was arrested for driving while under the influence of alcohol. Ladwig then submitted to a blood test. The blood sample was drawn approximately one hour and fifteen minutes after he was placed under arrest. He was later formally charged with the offense of driving a vehicle while having 0.10 percent or more by weight of alcohol in his blood in violation of SDCL 32–23–1(1).

At trial, the state chemist testified that the sample, when first tested, contained 0.209 percent alcohol by weight, and that it contained 0.208 percent alcohol by weight when it was tested several months later.

At the conclusion of the chemist's testimony, State rested, the defense rested, and the parties retired to the judge's chambers to hear motions and settle jury instructions. In chambers, Ladwig moved that the charges be dismissed on the ground that State had failed to introduce sufficient evidence to establish that he had been driving with a blood alcohol content of 0.10 percent or more. Ladwig's motion was denied.

The trial court also refused two of Ladwig's proposed jury instructions, which in essence required (1) that an expert extrapolate the blood alcohol test results back to the time Ladwig operated the automobile and (2) that the jury could not infer that Ladwig was driving with 0.10 percent or more of alcohol in his blood because State failed to extrapolate the test results back to the time Ladwig operated the automobile.

The jury found Ladwig guilty and this appeal followed.

## DECISION

SDCL 32–23–1 provides:

A person may not drive or be in actual physical control of any vehicle while:

(1) There is 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood or other bodily substance[.]

We recently stated in *State v. McDonald*, 421 N.W.2d 492, 494 n. 2 (S.D. 1988), that:

In prosecutions under SDCL 32–23–1(1) and (2), it is not necessary for an expert witness to extrapolate for the jury. However, ... evidence necessary to enable the court and/or the jury to extrapolate is required in prosecutions under SDCL 32–23–1(1), and may be required in prosecutions under SDCL 32–23–1(2)[.]

Here, State failed to establish that Ladwig's blood alcohol content was 0.10 percent or greater *at the time he was driving* his vehicle. Rather, State merely produced evidence of Ladwig's blood alcohol content *at the time his blood was drawn* without any attempt to extrapolate or relate the

test results back to the time he was driving.

Following our mandate in *McDonald,* we therefore hold, giving State as nonmoving party the benefit of all reasonable inferences, *State v. Decker,* 317 N.W.2d 138 (S.D. 1982), that State failed to introduce sufficient evidence to convict Ladwig under SDCL 32–23–1(1). The trial court erred in not granting the motion to dismiss.

REVERSED.*

All the Justices concur.

---

* Because we reverse on Ladwig's first issue, we need not reach his second issue, namely, that the trial court erred in refusing his proposed jury instructions. Ladwig's proposed instructions require that expert testimony must be utilized in order to extrapolate the blood alcohol test results back to the time of operation of the vehicle. We note, however, that this goes beyond our holding in *McDonald, supra.*