STATE of South Dakota, Plaintiff and Appellee,

v.

Kip Dean FODE, Defendant and Appellant.

No. 16587.

Supreme Court of South Dakota.

Submitted on Briefs Jan. 11, 1990.

Decided March 7, 1990.

Jeffrey P. Hallem, Asst. Atty. Gen., for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

David A. Bradsky, Rapid City, for defendant and appellant.

HENDERSON, Justice.

### PROCEDURAL HISTORY/ISSUES

On September 29, 1988, a complaint was filed against Kip Dean Fode (Fode) charging the offenses of driving or control of a vehicle while under the influence of alcohol (third offense); driving or control of a vehicle while having .10 percent or more of alcohol in his blood (third offense); and driving while under revocation after DWI arrest in violation of SDCL 32–33–1, 32–23–4, and 32–23–5.

A jury trial took place concerning Fode's DWI charges on January 4, 1989. After conclusion of the presentation of the state's evidence, Fode made a motion for judgment of acquittal which was denied. The jury found Fode guilty of driving or control of a vehicle while having .10 percent or more of alcohol in his blood.

After the entry of the jury verdict, Fode made a motion for judgment notwithstanding the verdict, which was denied. Fode filed a notice of appeal from the judgment and sentence on February 17, 1989. On appeal, Fode argues:

(1) that the trial court erred in allowing a chemist to render his opinion as to what his blood alcohol content would have been at the time of driving (extrapolation).

(2) that the trial court erred in denying his motions for judgment of acquittal and for judgment notwithstanding the verdict.

—Holding—

We affirm Fode's conviction.

### FACTS

On September 28, 1988, at approximately 11:30 p.m., South Dakota Highway Patrol Trooper Brent Nelson (Nelson) observed a vehicle speeding on a Pennington County road. After Nelson observed the vehicle on the wrong side of the road, he subsequently stopped the car and identified the driver as Fode.

As Fode walked to the patrol car for purposes of receiving a citation, Nelson observed Fode walking in a faltering manner. Once in the patrol car, Nelson observed that Fode's speech was slurred, his eyes bloodshot and his face was flushed. Nelson also detected a strong odor of alcohol from Fode's breath.

Given the above observations, Nelson requested Fode to perform several field sobriety tests. Fode failed to perform any of the tests in a satisfactory manner, and was subsequently arrested for driving while under the influence of an alcoholic beverage. After Fode was placed under arrest, a driver's license history was performed which indicated two prior convictions for driving while intoxicated. The implied consent warning was then read to Fode by Nelson in accordance with SDCL 32–23–10.*

---

\* **32–23–10. Operation of vehicle as consent to withdrawal of bodily substances and chemical test—Advice as to right to refuse test.** Any person who operates any vehicle in this state is considered to have given his consent to the withdrawal of blood or other bodily substance and chemical analysis of his blood, breath or other bodily substance to determine the amount of alcohol in his blood, and to determine the presence of marijuana or any controlled drug or substance.

The person shall be requested by the officer to submit to the withdrawal of blood or other bodily substance for chemical analysis or chem-

Fode was then taken to the Pennington County Jail at which time a blood sample was taken. This sample was later given to Dr. Robert Looyenga, a chemist at the South Dakota School of Mines, for a blood alcohol analysis. Utilizing approved procedures and equipment, Dr. Looyenga determined that Fode's blood sample indicated a blood alcohol content of .144 percent by weight of ethyl alcohol. *See State v. Lanier,* 452 N.W.2d 144 (S.D.1990), HENDERSON, J., dissenting.

During the trial of this matter, Dr. Looyenga testified as an expert witness for the state concerning the extrapolation of the results of the blood alcohol analysis to the time of Fode's arrest. Based upon his analysis, Dr. Looyenga testified that Fode's blood alcohol content at the time of his driving was .129 percent. Dr. Looyenga utilized Fode's body weight, the time period between the time the blood was drawn and Fode's arrest, and assumptions concerning the amount of alcoholic beverage left to be absorbed by Fode's system. Defense counsel, during the state's presentation of the above expert testimony, objected on the basis of lack of foundation. This objection was overruled by the trial court.

## DECISION

I. *Expert testimony concerning the extrapolation of Fode's blood alcohol content was properly admitted by the trial court.*

SDCL 32–23–1 provides:

A person may not drive or be in actual physical control of any vehicle while:

    1) There is .10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood or other bodily substance.

We recently stated in *State v. McDonald,* 421 N.W.2d 492, 494 (S.D.1988), that: "In prosecutions under SDCL 32–23–1(1) and (2) it is not necessary for an expert witness to extrapolate for the jury. However, evidence necessary to enable the court and/or jury to extrapolate is required in prosecutions under SDCL 32–23–1(1) and may be required in prosecutions under SDCL 32–23–1(2) to obtain instructions on the presumptions contained in SDCL 32–23–7."

In the present case, the state satisfied the requirements in *McDonald* through the use of an expert witness, Dr. Looyenga. Dr. Looyenga testified that it was his opinion that Fode's blood alcohol level was .129 percent by weight of ethyl alcohol at the time of his arrest and at least above .10 percent. These opinions were based upon Fode's body weight, the time period between the blood alcohol test and Fode's arrest, and utilizing assumptions that there was one or two alcoholic beverages yet to be absorbed into Fode's system at the time of the arrest.

Fode's arguments concerning lack of foundation for the extrapolation testimony center upon the fact that when Dr. Looyenga rendered his expert opinion he did not know what type of alcoholic beverage Fode had been drinking when Fode had his last drink or when he had last eaten. Fode argues that, without this evidence, there is insufficient foundation to admit the expert testimony. We conclude that for the purpose of an expert opinion on extrapolation certain facts can be assumed, even though there is no specific evidence.

The factual basis for the chemist's expert opinion was based upon all the relevant, admissible evidence the state had available. The "essential" facts Fode

ical analysis of his breath and shall be advised by the officer that:

    (1) If he refuses to submit to the withdrawal or chemical analysis, no withdrawal or chemical analysis may be required, unless he has been arrested for a third violation of § 32–23–1, constituting a felony offense under § 32–23–4 (constitutionality upheld under *State v. Heinrich,* 449 N.W.2d 25 (1989), HENDERSON, J., dissenting);

    (2) If he refuses to submit to the withdrawal or chemical analysis, his driver's license shall be revoked for one year, unless pursuant to § 32–23–11.1 he pleads guilty to a violation of § 32–23–1 prior to a revocation order being issued; and

    (3) He has the right to have a chemical analysis performed by a technician of his own choosing at his own expense, in addition to the test requested by the officer.

claims are missing were not obtained due to his own conduct. If a party refuses to testify, the jury must make a decision based upon the evidence it has available. In a case such as this, an expert can only be reasonably certain of a person's height and weight. An expert will not know such things as when a person has eaten recently and how many drinks that person had prior to his arrest unless that is disclosed to him.

When asked the question by the state what information he (Dr. Looyenga) would need "to calculate the absorption and eliminating rate in a person's particular body for the purpose of extrapolating back the results of the blood test at the time of their driving," Dr. Looyenga replied:

> The type of information that is *needed* is the body weight of the individual and it is *helpful* to know the type of alcoholic beverage being consumed, although that's not necessarily required if you want to know the amounts of alcohol consumed. You need the body weight and time at which you want to extrapolate back to the time at which the blood alcohol sample was drawn, and its also helpful, depending on the extrapolation, to know the time of the last drink. That may or may not be significant.

Consequently, we reject Fode's argument and conclude that the expert testimony concerning the extrapolation of Fode's blood alcohol content was properly admitted by the trial court.

II. *There is sufficient evidence in the record to support the trial court's denial of Fode's motion for judgment of acquittal and judgment notwithstanding the verdict.*

■ In attacking the sufficiency of evidence against him, Fode alleges that sufficient evidence to extrapolate is not present. Despite the somewhat imprecision involved, we find that there was sufficient evidence to extrapolate by assuming certain facts. Since Fode refused to reveal "essential" facts that would have aided in the extrapolation, Dr. Looyenga (giving Fode the benefit of all possible doubts) assumed for the purpose of extrapolation that Fode had one or two drinks yet to be absorbed into his system at the time of arrest.

Besides the extrapolation testimony, the jury heard testimony from officer Nelson that Fode was speeding and driving on the wrong side of the road when he was pulled over. Nelson further testified that when he approached Fode, he was walking in a faltering manner, had slurred speech, bloodshot eyes, a flushed face, and smelled of an alcoholic beverage. Also, Fode flunked several field sobriety tests. From this evidence we can reasonably conclude that a jury could infer intoxication. Based upon this information, we believe there is sufficient evidence to support the verdict.

Affirmed.

MORGAN, SABERS and MILLER, JJ., concur.

WUEST, C.J., concurs in result without writing.