**David JARRETT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 75A03–8703–CR–68.**

Court of Appeals of Indiana, Third District.

Nov. 30, 1987.

David A. Brooks, Knox, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant David Jarrett appeals a jury verdict convicting him of driving while intoxicated with a previous conviction for that offense and for operating a vehicle in violation of a restricted driver's license.

The evidence pertinent to this appeal discloses that Jarrett was arrested for driving while intoxicated in November 1983. The arresting officer video taped the administration of the breathalizer test. In the course of discovery Jarrett's attorney viewed the video tape sometime before a plea agreement was offered by the State in September 1984. The trial court rejected the plea agreement. In March 1985, Jarrett notified the State that he might use the video tape in his defense. The day Jarrett's trial was scheduled to begin, the State informed Jarrett that the video tape

had either been lost or erased. Jarrett served upon the State a subpoena to furnish the video tape. At the trial, after both the State and Jarrett had rested, Jarrett made an oral motion to dismiss the charges based upon the loss or destruction of the video tape which he claimed contained exculpatory evidence. The motion was denied. This appeal ensued.

On review Jarrett presents two issues. As restated the issues are:

(1) whether the trial court erred in failing to exclude evidence regarding Jarrett's intoxication upon the showing that the State either lost or destroyed evidence; and

(2) whether the trial court erred in refusing to dismiss Jarrett's prosecution upon the showing that the State either lost or destroyed evidence.

At Jarrett's trial, the officer who administered Jarrett's breathalizer test was allowed to testify concerning the results without objection by Jarrett. The failure to object to the testimony regarding the breathalizer results forecloses Jarrett's argument that the trial court erred in failing to exclude such evidence. *Gambill v. State* (1985), Ind., 479 N.E.2d 523, 526. Additionally, in his motion to correct errors Jarrett did not allege error based upon the trial court's failure to exclude evidence of his breathalizer results. Accordingly the portion of Jarrett's issue concerning the failure to exclude evidence is waived. *Thompson v. State* (1985), Ind.App., 482 N.E.2d 1372, 1373.

Next, Jarrett argues that the standard announced in *Birkla v. State* (1975), 263 Ind. 37, 323 N.E.2d 645 required the trial court to grant his motion to dismiss based upon the State's loss or destruction of evidence. In *Birkla* a video tape of a visit between Birkla's co-defendant and the co-defendant's wife was surreptitiously recorded. Prior to discovery the video tape's existence was made known to the prosecutor, who viewed the tape for exculpatory evidence. Finding none, the tape was destroyed. Birkla's motions for dismissal and to exclude evidence were denied. Not-

ing that the negligent destruction of material evidence by the prosecution prior to discovery could present grounds for reversal, the Court held that the decision to destroy non-material evidence without advising defense counsel places a heavy burden on the prosecution to demonstrate that the defendant was not prejudiced thereby. *Birkla, supra,* 323 N.E.2d 648–649. The prosecutor in *Birkla* submitted an affidavit in which he averred that the tape did not contain exculpatory evidence. Moreover, a witness who viewed a portion of the tape was able to testify as to the statements Birkla wanted to introduce in his defense. Consequently, the Court in *Birkla* found that the trial court did not err in denying Birkla's motions.

■ Certain factors distinguish the present case from *Birkla* and its progeny, *see e.g. Johnson v. State* (1987), Ind., 507 N.E.2d 980; *Hughes v. State* (1987), Ind., 508 N.E.2d 1289. First, the destruction of the video tape occurred after discovery and was disclosed to the defense. Without condoning the loss or erasure of the tape, this is not a case where the prosecutor or police withheld exculpatory evidence from the defense. *See Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (prosecutor failed to divulge co-defendant's statement after such was requested by defense). Second, unlike *Birkla, supra,* the contents of the tape were solely within the knowledge of the defense. The only person known to have viewed the tape was Jarrett's defense counsel. At trial, the fact that a video tape had been destroyed was presented to the jury. However, no evidence was offered as to the content of the tape. After both the State and Jarrett rested, Jarrett's attorney asserted that the tape contained exculpatory evidence. Because the content of the tape was uniquely within the knowledge of the defense, it had some duty to demonstrate the exculpatory nature of the video tape. *Cf. Johnson v. State, supra,* 507 N.E.2d 980 (video tape of defendant's arrest and the discovery of cocaine in defendant's pocket destroyed prior to discovery and not viewed was not grounds for dismissal where record devoid

of indication that tape contained exculpatory material).

In the present case it appears that Jarrett was not prejudiced by the loss or destruction of the tape. His attorney viewed the tape but did not subpoena the tape for trial until the prosecutor informed counsel of its loss. Without objection, the arresting officer testified as to all events which could have been depicted on the tape. The trial court did not err in denying Jarrett's motion to dismiss.

There being no finding of error, the trial court is affirmed.

Affirmed.

GARRARD, P.J., and BUCHANAN, J., concur.