Jon GEYER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A02-8702-CR-64.

Court of Appeals of Indiana,
Second District.

Dec. 13, 1988.

Ferd Samper, Samper Hawkins Atz & Greuling, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Jon Geyer appeals his conviction and sentence for operating a motor vehicle while intoxicated resulting in death, a class C felony.[1] Geyer raises three issues:

1. Did the trial court err in admitting into evidence the blood alcohol report?

2. Is the evidence sufficient to sustain his conviction?

3. Did the trial court err in recommending his driving privileges be suspended for five (5) years?

---

1. IC 9–11–2–2, 9–11–2–5 (1988).

We affirm the conviction but reverse and remand for correction of a sentencing error.

On January 5, 1986, at approximately 7:30 p.m., Officer Ellen Crenshaw of the Indianapolis Police Department arrived at the scene of a one-car accident "involving a very large light pole" (Record at 75) in the 3900 block of North Moeller Road. Crenshaw arrived within ten minutes after receiving the dispatch. Kevin Crowley was pinned in the passenger side of the wreckage. Jon Geyer was trapped behind the steering wheel. The damage to the vehicle was so extensive both parties had to be cut from the wreckage. There was no ice or other obstruction in the vicinity of the collision.

Officer Crenshaw spoke to Geyer when he was inside the medic ambulance. At that time she detected a strong odor of alcohol in the vehicle and observed Geyer's eyes were bloodshot. Officer Crenshaw arrived at the hospital approximately forty-five (45) minutes after Geyer. She advised Geyer of the implied consent law. He consented to a blood test. Officer Crenshaw observed the blood being withdrawn and took custody of the vial at approximately 9:30 p.m., about two hours after the accident. She then transported the vial to the property room of the Indianapolis Police Department where it was placed in a refrigerator. The chemist who tested the contents of the vial obtained it from the property room refrigerator on January 8, 1986. He conducted a gas chromatograph test and determined the concentration of ethyl alcohol in the sample was 0.158 percent. However, the chemist was unable to testify as to Geyer's blood alcohol concentration at the time of the accident. He explained that not knowing variables such as the type of alcoholic beverage consumed, the type and amount of food in Geyer's stomach and Geyer's body mass prevented any extrapolation.

Geyer argues the trial court erred in admitting State's Exhibit 7, his blood analysis report, into evidence because the

tested substance was destroyed.[2] However, this error is not preserved for appeal because State's Exhibit 7 was received into evidence without a contemporaneous objection.[3] *Jarrett v. State* (1987), Ind.App., 515 N.E.2d 882.

 Next, Geyer argues the evidence is insufficient to sustain his conviction. The elements of driving under the influence causing death are that the defendant

1) operate a motor vehicle
2) while under the influence of alcohol such that there is an impaired condition of thought and action and the loss of normal control of faculties to such an extent as to endanger any person,[4] and
3) his act results in the death of another person.[5]

The evidence that Geyer was found pinned behind the wheel of the crashed automobile supports the reasonable fact finder's conclusion, beyond a reasonable doubt, that Geyer was operating the vehicle at the time of the accident. In addition, the evidence supports that same fact finder's reasonable conclusion Geyer was impaired when he was operating the vehicle at the time of the accident. The vehicle struck a large light pole with sufficient force that the pole cracked and trapped the occupants in the front seat. The street was free of ice or any other obstruction which might have contributed to the accident. In addition, there was no "evidence ... any other vehicles [were] involved in this accident." Record at 85. A reasonable fact finder could conclude from this evidence that, beyond a reasonable doubt, the vehicle was operated at high speed on a city street and, accordingly, that the accident occurred as a result of a driver whose thought and action were impaired to the extent persons were endangered.

The evidence of Geyer's bloodshot eyes and the subsequent blood alcohol eliminate other potential explanations for the impaired conduct evidenced by the circumstances of the accident. While the evidence is that the known blood alcohol content cannot establish Geyer's blood alcohol content at the time of the accident, it does establish the fact that a substantial amount of alcohol was present in Geyer's blood approximately two hours before the blood sample was drawn and, accordingly, supports the inference that alcohol was the source of the impairment. *Tyner v. State* (1987), Ind.App., 503 N.E.2d 444; *Smith v. State* (1986), Ind.App., 502 N.E.2d 122, *trans. denied.* Thus, evidence of impairment and evidence of the source of the impairment supports the reasonable fact finder's conclusion that Geyer was under the influence of alcohol at the time of the accident.

Finally, there is evidence that Geyer's act of driving resulted in the death of the passenger, Kevin Crowley. Geyer argues the record fails to reveal that the body upon which an autopsy was performed was that of the passenger pinned in the Geyer automobile and, further, that the record reveals the cause of death was undetermined. We disagree.

First, the name of the passenger and the person upon whom the autopsy was performed was Kevin Crowley. In addition, State's Exhibit 8, the autopsy report, reveals that the deceased "was an unrestrained front seat passenger in a motor vehicle collision at about 7:00 p.m. on January 5, 1986." Record at 134, p. 3. Further, Dr. Hawley testified that Crowley's cause of death was "multiple blunt force injuries of the head, chest, abdomen and the extremities" (Record at 132) that were consistent with injuries received in an automobile accident. The evidence also reveals

2. The chemist explained that he disposed of the blood and vial after testing because, "[a]t this time the Indianapolis Police Department did not have and still does not have any storage facilities for long term storage of blood, so therefore a disposal of blood was done." Record at 110.

3. For a discussion of the relevancy of the tested blood alcohol concentration *see Smith v. State* (1986), Ind.App., 502 N.E.2d 122, 126, *trans. denied.* For the legislative response to the con-

cern expressed in *Smith* about the fact that commonly the evidence necessary for a proper extrapolation is in the hands of the defendant, see IC 9–11–4–15 (1988).

4. IC 9–11–1–5 (1988).

5. *Micinski v. State* (1986), Ind., 487 N.E.2d 150, 154.

that Crowley, after being cut from the automobile, was transported to a hospital. This evidence reasonably supports the fact finder's conclusion that Crowley died as a result of injuries he received as a passenger in an automobile driven by Geyer.

■ Geyer's last asserted error is meritorious. The trial court erred when it suspended Geyer's driving privileges for a period of five years. IC 9–11–3–3 (1986 Supp.) provides

> In addition to any criminal penalty imposed for a felony under IC 9–11–2, the court shall recommend the suspension of the person's driving privileges for a fixed period of not less than one (1) year nor more than two (2) years.... [6]

Judgment of conviction affirmed but judgment of sentence reversed and cause remanded with instructions to amend the sentencing order to suspend Geyer's driving privileges for a fixed period of not more than two (2) years after which the judgment of sentence is affirmed.

NEAL, J., concurs.

SULLIVAN, J., dissents, without opinion.

---

**6.** The effective date of the amendment providing up to five years suspension is July 1, 1987.

*See* P.L. 134–1987, Sec. 11; IC 9–11–3–3 (1988).