**Christopher R. MINIX, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A05–9905–CR–201.**

Court of Appeals of Indiana.

April 11, 2000.

Transfer Denied June 14, 2000.

William J. Cohen, Elkhart, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Sr. Judge

Following a jury trial, Christopher R. Minix appeals his convictions for operating a motor vehicle while intoxicated causing death and operating a motor vehicle with at least .10 percent by weight of alcohol in the person's blood causing death, both Class C felonies.[1] Minix raises three issues on appeal, which we restate as two:

I. Whether the evidence is sufficient to support his convictions.

II. Whether the trial court erred by refusing Minix's request to supplement Final Instruction No. 5.

We raise one issue sua sponte:

III. Whether the trial court must vacate Minix's conviction for operating a motor vehicle with at least .10 percent by weight of alcohol in the person's blood causing death.

We affirm and remand with instructions.[2]

The facts most favorable to the verdict reveal that Minix drank at least four to five beers and a shot of tequila while socializing with his friends at a tavern. Minix arrived at the tavern with his friend, Jim Medley, at approximately 7:45 p.m., and they left together at approximately 12:45 a.m. While driving Medley and himself home, Minix entered an s-curve on a county road at approximately fifty-five miles per hour. The posted speed advisory for the curve was thirty miles per hour. Marks on the road indicated that the vehicle might have left the traveled portion of the road. Minix lost control of the vehicle, and it struck a tree. Medley died as a result of injuries he incurred in the crash.

Minix was injured in the accident. John Wesley, a paramedic who attended Minix at the scene, noticed that Minix smelled of alcohol. Wesley also noticed that Minix spoke slowly and that his mannerisms were exaggerated, which Wesley associated with the consumption of alcoholic beverages. Deputy Sheriff James Bradberry was also at the scene of the accident. Minix admitted to Bradberry that he had been drinking. However, Bradberry did not perform field sobriety tests on Minix because of Minix's injuries. Minix was taken by ambulance to the hospital.

At the hospital, Minix's blood was tested for alcohol content. Minix's blood was drawn at 2:25 a.m., approximately one and one-half hours after the accident. The test revealed that Minix's blood alcohol concentration (BAC) was .128 percent.

## I.

### Sufficiency of the Evidence

Minix argues that the evidence is insufficient to support his convictions. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind. 1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

Minix first contends that the evidence does not support his conviction for operating a motor vehicle while intoxicated causing death because the evidence does not establish that he was intoxicated. The term "intoxicated" is defined at IND.CODE § 9–13–2–86 (1993).

"Intoxicated" means under the influence of:

(1) alcohol; . . .

so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to an extent that endangers a person.

Minix argues that he was not impaired.

In support of his argument, Minix cites the testimony of several witnesses

---

1. IND.CODE § 9–30–5–5 (Supp.1996).

2. Minix's request for oral argument is denied.

who indicated that Minix did not seem intoxicated at or near the time of the accident. He also refers to evidence that the curve in which the accident occurred was excessively dangerous. However, this is an invitation to reweigh the evidence. The facts most favorable to the verdict reveal that Minix drank at least four or five beers and a shot of tequila prior to driving home. He entered a curve, which had a posted advisory speed of thirty m.p.h., at a speed of fifty-five m.p.h. Marks on the road after the accident indicated that he might have left the driving surface prior to losing control of his vehicle. Minix lost control of his vehicle. Robert Foster, a person who lives near the curve and who called 911, testified that the road was free of ice. Wesley, the paramedic, testified that Minix smelled of alcohol and that he spoke slowly and his mannerisms were exaggerated. Minix's BAC one and one-half hours after the accident was .128 percent.

In *Geyer v. State*, 531 N.E.2d 235 (Ind. Ct.App.1988), the defendant was convicted of operating a motor vehicle while intoxicated causing death, and he challenged the sufficiency of the evidence supporting his conviction. Geyer had been driving a car when it struck a large light pole. The pole cracked, and the occupants of the car were trapped in the front seat. The street was free of ice or obstructions. There was no evidence that any other vehicles were involved in the accident. The investigating officer detected a strong odor of alcohol in the vehicle and observed that Geyer's eyes were bloodshot. Two hours after the accident, Geyer's BAC was .158 percent. A passenger in the car died. This court held that the evidence was sufficient to support Geyer's conviction for operating a motor vehicle while intoxicated causing death. *Id.* at 237. Specifically, the court held that Geyer's operation of the vehicle at a high rate of speed permitted the inference that "the accident occurred as a result of a driver whose thought and action were impaired to the extent persons were endangered." *Id.*

In *Boyd v. State*, 519 N.E.2d 182 (Ind. Ct.App.1988), the defendant appealed his conviction for operating a motor vehicle while intoxicated on the basis that the evidence was insufficient to establish that he was intoxicated. Boyd was driving a pickup truck and was stopped at a light. When the light changed, the truck took off at a high rate of speed. The truck attained a speed of fifty-four m.p.h. in a thirty m.p.h. zone. A law enforcement officer stopped the truck. Boyd smelled strongly of alcohol, his eyes were bloodshot, and he was talkative. Boyd's speech was not slurred, and no field sobriety tests were given. Approximately forty minutes after the accident, Boyd's BAC was .14 percent. We held that this evidence was sufficient to establish that Boyd was intoxicated. *Id.* at 184. Specifically, we held that the fact that Boyd was driving fifty-five m.p.h. in a thirty m.p.h. zone at night demonstrated "impaired judgment and ability of such a nature as to endanger others." *Id.*

Likewise, the evidence here supports the inference that Minix's thoughts and actions were impaired and that this resulted in the loss of normal control of his faculties such that both Medley and Minix were endangered. Minix entered a curve with an advisory speed of thirty m.p.h. at a speed of fifty-five m.p.h. The evidence supports the inference that Minix's vehicle left the driving surface before he lost control. There was no ice on the road that could have contributed to the accident. A paramedic detected the odor of alcohol on Minix and observed that Minix spoke slowly and his mannerisms were exaggerated. Minix's BAC one and one-half hours after the accident was .128 percent. This evidence is sufficient to support the conclusion that Minix was intoxicated. The evidence is sufficient to support Minix's conviction for operating a motor vehicle while intoxicated causing death.

Next, Minix contends that the evidence is insufficient to support his conviction for

operating a motor vehicle with at least .10 percent by weight of alcohol in the person's blood causing death. Specifically, he argues that the State failed to present evidence establishing that his BAC exceeded .10 percent at the time of the accident.

■ The State presented evidence that Minix's BAC was .128 percent one and one-half hours after the accident. IND. CODE § 9–30–6–15(b) (Supp.1996) provides:

If, in a prosecution for an offense under IC 9–30–5, evidence establishes that:

(1) a chemical test was performed on a test sample taken from a person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and

(2) the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the test sample was taken;

the trier of fact shall presume that the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the person operated the vehicle. However, this presumption is rebuttable.

Pursuant to IND.CODE § 9–30–6–2(c) (Supp. 1996), a test must be administered within three hours after a law enforcement officer had probable cause to believe the person committed an offense. Here, the test was administered within three hours, and it revealed that Minix's BAC exceeded .10 percent. Accordingly, the jury could presume that Minix's BAC exceeded .10 percent at the time of the accident.

■ Despite the existence of this permissive inference, Minix contends that the State failed to meet its burden of proof. Minix argues that the State never presented evidence or even suggested that his BAC at the time of the accident equaled or exceeded .10 percent. Minix notes that no State witness testified as to what his BAC was at the time of the accident. However, the State is not required to present direct evidence of Minix's BAC at the time of the accident. Rather, it need only present evidence of Minix's BAC within three hours of a law enforcement officer having probable cause to believe that he committed an offense, and the jury may infer Minix's BAC at the time of the accident from this evidence. IC 9–30–6–15(b).

Minix cites several cases from outside the jurisdiction in which it was held that the prosecution failed to establish the defendant's BAC at the time of the alleged offense. Each of those cases is distinguishable. In three of the cases, the court held that the prosecution failed to present evidence extrapolating the results of a BAC test back to the time of the offense, and accordingly, that the evidence was insufficient to support the conviction. *See* *State v. Geisler*, 22 Conn.App. 142, 576 A.2d 1283, 1294 (1990), *vacated on other grounds, Connecticut v. Geisler*, 498 U.S. 1019, 111 S.Ct. 663, 112 L.Ed.2d 657 (1991); *State v. Ladwig*, 434 N.W.2d 594, 595–96 (S.D.1989); *State v. Dumont*, 146 Vt. 252, 499 A.2d 787, 789 (1985). Because of IC 9–30–6–15(b), no such extrapolation is required in Indiana. Minix also cites *State v. Lusi*, 625 A.2d 1350 (R.I.1993). In that case, the court held that no extrapolation was needed and that the evidence supported an inference that the defendant's BAC equaled or exceeded .10 percent. *Id.* at 1355. However, the court also held in that case that the defendant had successfully rebutted the inference. *Id.* at 1357. As indicated *infra*, we cannot conclude that Minix successfully rebutted the inference in the present case without reweighing the evidence. Thus, *Lusi* does not persuade us that Minix's conviction must be vacated.

■ Finally, Minix argues that he rebutted the presumption that his BAC equaled or exceeded .10 percent at the time of the accident. Minix cites the opinion of his own witness that his BAC was between .07 and .09 percent at the time of the accident. He also cites evidence impacting the weight to be given the State's evidence regarding his BAC one and one-half hours

after the accident. Minix's argument is an invitation to reweigh the evidence, which we must reject. The evidence is sufficient to support Minix's conviction for operating a motor vehicle with at least .10 percent by weight of alcohol in the person's blood causing death.

## II.

### *Instruction*

■ Minix argues that the trial court erred by refusing to supplement its instruction regarding the elements of operating a motor vehicle with at least .10 percent by weight of alcohol in the person's blood causing death. The pertinent portion of Final Instruction No. 5 provides:

To convict the Defendant, the State must prove beyond a reasonable doubt each of the following elements:

The Defendant

1. Operated a vehicle

2. With at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood

3. That the acts of the Defendant caused the death of another person, to wit: James B. Medley, Jr.

Record at 1158. Minix requested that the language "at the time of the accident" be added to the second element. Minix contends that the instruction is misleading without the requested language because it does not specify that operating a vehicle need be concurrent with having a BAC of at least .10 percent. We disagree.

The instruction required the jury to find that Minix "[o]perated a vehicle ... [w]ith at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood...." Record at 1158. It plainly indicates that Minix's BAC must have been at least .10 percent at the time he operated a vehicle. The instruction as given was not misleading. The trial court did not err by refusing Minix's request to supplement Final Instruction No. 5.

## III.

### *Merger of Convictions*

■ The trial court sentenced Minix to eight years on Count I, operating a motor vehicle while intoxicated causing death. It then merged Count III, operating a motor vehicle with at least .10 percent by weight of alcohol in the person's blood causing death, with Count I. The trial court did not also vacate the conviction on Count III, which it was required to do. *See Spry v. State*, 720 N.E.2d 1167, 1170 (Ind.Ct. App.1999), *trans. denied.* Accordingly, we remand with instructions for the trial court to vacate Minix's conviction for operating a motor vehicle with at least .10 percent by weight of alcohol in the person's blood causing death.

Affirmed and remanded with instructions.

BAKER, J., concurs.

SULLIVAN, J., concurs in part and dissents in part with opinion.

SULLIVAN, Judge, concurring in part and dissenting in part

The majority affirms the conviction for causing death by operating a motor vehicle while intoxicated, but in consideration of double jeopardy prohibitions, orders the trial court to vacate the conviction for causing death by operating a motor vehicle with a BAC of at least .10 percent. I would do precisely the reverse and would affirm the BAC—death conviction and order the driving while intoxicated conviction vacated.

Our cases concerning employment of an alcohol blood test result as prima facie evidence of intoxication are not in harmony. In *Warner v. State* (1986) Ind.App., 497 N.E.2d 259, a panel of this court held that notwithstanding a statute to that effect, then codified as I.C. 9–11–1–7 (Repealed by P.L. 2–1991, SEC.109) and now carried as I.C. 9–13–2–131 (Burns Code Ed. Supp.1999), a conviction for driving while intoxicated could not be based solely

upon a blood test result of more than .10 percent. Subsequently, however, a majority of a different panel disapproved of the *Warner* holding and affirmed a conviction for driving while intoxicated. *Clark v. State* (1987) Ind.App., 512 N.E.2d 223. It should be noted, however, that in addition to the blood test result and the fact that Clark had run his car off a rain slick road into the mud, he not only smelled of alcohol but failed all four of the field dexterity tests administered. In *Liquori v. State* (1989) Ind.App., 544 N.E.2d 199, we held on facts similar to those present in *Clark* that the driving while intoxicated conviction was sustained by the evidence.

In the case before us, although Minix admitted having consumed alcohol and his demeanor was consistent with that admission, there were no field dexterity tests or other field tests administered. There was no evidence other than the subsequent blood alcohol test, to reflect that his consumption of alcohol had resulted in impairment. The fact that he drove off the curved road may have been solely attributable to his rate of speed. In these regards, the facts before us are much less convincing than those in *Clark* and *Liquori*. For this reason, and rather than relying solely upon the blood alcohol test, pursuant to I.C. 9–13–2–131, I would decline to follow *Geyer v. State* (1988) Ind.App., 531 N.E.2d 235, *trans. denied,* and *Boyd v. State* (1988) Ind.App., 519 N.E.2d 182, which affirm driving while intoxicated convictions on much less convincing evidence than was present in *Clark* and *Liquori*. I find it preferable to affirm the BAC conviction as a separate and distinct crime from that of driving while intoxicated. *Warner, supra.*