## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Timothy J. Lemon
Knox, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald Frazier,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 11, 2015<br><br>Court of Appeals Case No.<br>75A04-1408-CR-388<br><br>Appeal from the Starke Circuit Court<br><br>The Honorable Kim Hall, Judge<br><br>Cause No. 75C01-1311-FD-199 |

**Mathias, Judge.**

[1] Following a jury trial, Donald Frazier ("Frazier") was convicted in Starke Circuit Court of Class D felony operating while intoxicated and Class A misdemeanor possession of paraphernalia and sentenced to two years executed in the Department of Correction. Frazier appeals and presents two issues for our review:

I. Whether the State presented evidence sufficient to support Frazier's operating while intoxicated conviction, and

II. Whether the sentence imposed by the trial court is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

On October 31, 2013, Officer Kyle Hinds ("Officer Hinds") was patrolling a residential area in Hamlet, Indiana. As he drove, Officer Hinds observed a green SUV stopped in the roadway. When Officer Hinds approached the SUV, it spun its tires and made a right turn in front of Officer Hinds's car so suddenly that Officer Hinds had to quickly brake to avoid hitting the SUV. Officer Hinds activated his lights and initiated a traffic stop of the SUV. He approached the SUV, and the driver, later identified as Frazier, rolled down his window. Officer Hinds observed the smell of alcohol coming from inside the vehicle, so he asked Frazier to step out of the car. As Frazier exited the car, Officer Hinds noticed that he was "unsteady on his feet." Tr. p. 36. Frazier told Officer Hinds that he had consumed four or five beers that evening.

Officer Hinds then administered the horizontal gaze nystagmus field sobriety test, which Frazier failed. The officer next administered the walk and turn test, which Frazier also failed. Frazier consented to a Breathalyzer test, but Officer Hinds was unable to acquire a sufficient sample.

After Officer Hinds handcuffed Frazier and secured him in the back of his squad car, he discovered a six-pack of cold beer in Frazier's car, with four of the

beer bottles missing, and a plastic drinking straw containing powdery residue. Frazier told Officer Hinds that he used the straw to snort Oxycodone, for which he had a prescription to treat pain related to his multiple sclerosis. Officer Hinds read Frazier a standard implied consent advisement, after which Frazier agreed to take a blood draw test. The test results indicated that Frazier's blood alcohol level was .08.

[6] The same day, the State charged Frazier with Class A misdemeanor possession of a paraphernalia and Class D felony operating a vehicle while intoxicated with a prior conviction. A jury trial was held on April 23, 2014. The jury found Frazier to be guilty of both counts. Frazier's sentencing hearing was held three months later on July 29, 2014. At the hearing, the trial court found the following aggravating factors: that Frazier's criminal history consists largely of convictions involving substance abuse; that Frazier has not participated in or benefited from substance abuse treatment programs; that Frazier's criminal history and previous sentences have failed to deter him from committing additional crimes; and that Frazier had violated the terms of his probation by committing the present offense. The trial court found no mitigating circumstances. The trial court sentenced Frazier to one year for his Class A misdemeanor conviction and three years for his Class D felony conviction, to be served concurrently. The court suspended one year of the aggregate sentence to probation, for an aggregate sentence of two years.

[7] Frazier now appeals.

# I. Sufficiency of the Evidence

We begin by noting that the State failed to file either a brief or a statement of non-involvement. When appellees do not submit a brief, we need not undertake the burden of developing an argument on their behalf. *Trinity Homes, LLC v. Fang,* 848 N.E.2d 1065, 1068 (Ind. 2006). Rather, we will reverse if the appellant's brief presents a case of *prima facie* error. *Id. Prima facie* error in this context is error "at first sight, on first appearance, or on the face of it." *Id.* (quoting *Santana v. Santana,* 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)). If an appellant does not meet this burden, we will affirm. *Id.*

Frazier argues that the State failed to provide sufficient evidence to prove that he committed Class D felony operating while intoxicated. When we consider a challenge to the sufficiency of evidence to support a conviction, we respect the jury's exclusive province to weigh the evidence, and therefore, neither reweigh the evidence nor judge witness credibility. *McHenry v. State,* 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the conviction, and "must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id.* at 126 (quoting *Tobar v. State,* 740 N.E.2d 109, 111-12 (Ind. 2000)).

To convict Frazier of Class D felony operating a vehicle while intoxicated, the State was required to prove that Frazier operated a vehicle while intoxicated and had "a previous conviction of operating while intoxicated that occurred

within the five (5) years immediately preceding" the current charged offense. *See* Indiana Code sections 9-30-5-2(a), -3(a).

[11] Frazier does not dispute the prior conviction that elevated his offense to a Class D felony. However, he does argue that the evidence is insufficient to prove that he was intoxicated while operating his vehicle. He states, "[t]he record shows that several people observed Mr. Frazier on the day of the stop and stated that he was not acting intoxicated or had consumed small amounts of alcohol." Appellant's Br. at 5. Frazier also challenges the result of his blood test, arguing "no evidence was presented to show the differences between a blood draw and a certified breath test. It is highly likely that the error rate from the blood draw could have put Mr. Frazier's BAC above the legal limit." *Id.* Finally, he maintains that the fact that he failed the field sobriety tests administered by Officer Hinds was likely due to his multiple sclerosis, not to his alleged intoxication.

[12] At trial, Officer Hinds testified that Frazier's SUV was stopped in the road for no reason and, as he approached Frazier, Frazier cut off the officer by turning abruptly in front of him. Officer Hinds also stated that he detected the smell of alcohol coming from inside Frazier's car, that Frazier was unsteady on his feet as he exited the vehicle, that Frazier admitted to consuming alcohol, and that Frazier failed two field sobriety tests. Officer Hinds discovered a six-pack of cold beer in Frazier's vehicle, with four of the six beers missing. Also, a blood test indicated that Frazier's blood alcohol level was .08.

From all of this evidence, the jury could reasonably infer that Frazier's thoughts and actions were impaired while he was operating his vehicle.[1] *Cf Minix v. State,* 726 N.E.2d 848, 851 (Ind. Ct. App. 2000), *trans. denied.* Frazier's argument amounts to a request that we reweigh the evidence, which we will not do. *See McHenry*, 820 N.E.2d at 126. We therefore conclude that the State presented sufficient evidence to prove that Frazier operated his vehicle while intoxicated.

## II. Inappropriate Sentence

Frazier also argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Pursuant to Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State,* 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Trainor v.*

---

[1] Indiana Code section 9-13-2-86 defines "intoxicated" as "under the influence of: (1) alcohol; . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties."

*State,* 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), *trans. denied* (quoting *Stewart v. State,* 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted).

[15] When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell,* 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." *Shell v. State,* 927 N.E.2d 413, 422 (Ind. Ct. App. 2010).

[16] Frazier argues that his three-year maximum[2] sentence is inappropriate because "there was nothing particularly egregious about his conduct above and beyond what generally is necessary to establish Class D felony operating a Vehicle while intoxicated with a prior conviction." Appellant's Br. at 7. *See also Buchanan v. State*, 767 N.E.2d 967 (Ind. 2002) (principle that maximum possible sentences are generally most appropriate for the worst offenders does not require a determination of whether a worse offender could be imagined, but refers generally to the class of offenses and offenders that warrant the maximum punishment). He also contends that the trial court erred in finding his "prior record consist[ing] of mainly prior substance abuse related convictions" to be an

---

[2] See Indiana Code section 35-50-2-7(a) (providing that a person who commits a Class D felony "shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½ ) years.").

aggravating circumstance and that, in fact, the trial court should have found his "history of alcohol and chemical dependence" to be a mitigating factor. *Id*. at 8-9.

[17]     Contrary to his claims, Frazier's sentence is well-supported by his extensive criminal history, which consists of seven misdemeanors and four felonies, including convictions for battery resulting in bodily injury, possession of marijuana, maintaining a common nuisance, operating while intoxicated, and resisting law enforcement. Frazier attempts to minimize his criminal history by arguing that most of his prior convictions were merely substance abuse-related. However, the trial court's use of these convictions as aggravating factors was certainly not inappropriate, given the nature of Frazier's present offense. In sum, with respect to alcohol-related crimes, Frazier is among the "worst offenders." *Buchanan,* 767 N.E.2d at 973.

[18]     In addition, Frazier's probation was revoked in six prior cases, and he was on probation at the time of the current offense. In light of Frazier's failed attempts at rehabilitation and his long record of alcohol-related offenses, Frazier has not demonstrated that an executed two-year sentence plus one year of probation is inappropriate.

## Conclusion

[19]     The State presented sufficient evidence to support Frazier's Class D felony operating while intoxicated conviction and Frazier's three-year sentence with

one year suspended was not inappropriate in light of the nature of the offense and the character of the offender.

[20] Affirmed.

May, J., and Robb, J., concur.