David **SPRY**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 39A04–9901–CR–8.

Court of Appeals of Indiana.

Dec. 13, 1999.

Transfer Denied Feb. 2, 2000.

Leanna Weissmann, Lawrenceburg, Indiana, for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, for Appellee.

## OPINION

KIRSCH, Judge

After a jury trial, David Spry was convicted of attempted murder,[1] a Class A felony, aggravated battery,[2] a Class B felony, battery by deadly weapon,[3] a Class C felony, and battery resulting in serious

---

1. *See* IC 35–41–5–1 and IC 35–42–1–1.

2. *See* IC 35–42–2–1.5.

3. *See* IC 35–42–2–1(3).

bodily injury,[4] a Class C felony. On appeal, Spry raises the following issues for review:

I. Whether Spry's conviction and sentence for attempted murder and aggravated battery violates state and federal prohibitions against double jeopardy.

II. Whether the trial court erred when it failed to vacate Spry's convictions for aggravated battery, battery by deadly weapon, and battery resulting in serious bodily injury when he had also been convicted of attempted murder.

III. Whether the trial court erred in admitting, over Spry's objections, several photographs of the victim's injuries.

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment are as follows. On July 18, 1997, Spry telephoned Tanya Colber, who had obtained a restraining order against him, at work and requested to meet with her. Colber refused to meet. Colber drove to her parents' home after work and parked outside their garage. While Colber was sitting in the driver's seat, Spry approached the car and hit at Colber through the partially open window, stabbing her in the chest and arm.

Spry was arrested and charged with attempted murder, aggravated battery, battery by deadly weapon, and battery resulting in serious bodily injury. A jury convicted Spry of all four counts. Spry was sentenced to fifty years imprisonment for attempted murder and twenty years for aggravated battery to be served con-

currently. The trial court found that battery by deadly weapon and battery resulting in serious bodily injury merged with the crime of attempted murder and did not impose a sentence for these two convictions. Spry now appeals.

## DISCUSSION AND DECISION

### I. State Double Jeopardy Claim

■ Spry first argues that his conviction and sentence for both attempted murder and aggravated battery violate Indiana's constitutional prohibitions against double jeopardy.[5] The Indiana Double Jeopardy Clause provides: "No person shall be put in jeopardy twice for the same offense." IND. CONST. art. I, § 14. "Indiana's Double Jeopardy Clause was intended to prevent the State from being able to proceed against a person twice for the same criminal transgression." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind.1999). Prohibitions against double jeopardy protect the integrity of jury acquittals and the finality interests of defendants, ensure that defendants will not undergo the anxiety and expense of repeated prosecution and the increased probability of conviction upon reprosecution, and shield against excessive and oppressive prosecutions. *Id.* at 37 (citation omitted). It is the last of these that Spry claims is violated by his conviction for attempted murder and aggravated battery.

■ Our supreme court has held that, "two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged of-

---

4. *See* IC 35–42–2–1(3).

5. Spry also argues that his conviction and sentence for both attempted murder· and aggravated battery (1) violate federal prohibitions against double jeopardy, and (2) are in violation of IC 35–41–1–16, which prohibits

entering a judgment and sentence against a defendant for both an offense and a lesser included offense. Because Spry's state double jeopardy claim is dispositive, these issues will not be discussed.

fense." *Richardson*, 717 N.E.2d at 49. A defendant may be charged with two or more crimes at the same time even if those crimes arose out of a single offense and would violate double jeopardy. *Redman v. State*, 679 N.E.2d 927, 928 (Ind.Ct.App. 1997), *trans. denied.* But the "[i]mposition of two sentences for the same injury to the same victim inflicted by the same act of the defendant violates the federal and state prohibitions against double jeopardy." *Buzzard v. State*, 712 N.E.2d 547, 551 (Ind.Ct.App.1999), *trans. denied.*

■ Spry was charged and convicted of attempted murder, aggravated battery, battery by deadly weapon, and battery resulting in serious bodily injury. Each of these charges arose out of Spry's act of stabbing Colber while she was sitting in her car in her parents' driveway. The court noted that battery by deadly weapon and battery resulting in serious bodily injury were lesser included offenses of attempted murder and merged these convictions: The court then sentenced Spry for both aggravated battery and attempted murder.

■ In this case, aggravated battery is factually included in attempted murder. To convict Spry of attempted murder, the State had to prove that Spry, acting with intent to kill Colber, took a substantial step toward killing her. *Simmons v. State*, 642 N.E.2d 511, 513 (Ind.1994); *Spradlin v. State*, 569 N.E.2d 948, 950 (Ind.1991). The State used the stabbing to prove this. Likewise, the State used the stabbing to prove, under aggravated battery, that Spry knowingly or intentionally inflicted injury on Colber that created a substantial risk of death. The conviction for aggravated battery arose from the same evidence that gave rise to the conviction for attempted murder. Imposing two sentences on Spry for the same injury to Colber inflicted by the stabbing violates

the state prohibitions against double jeopardy.

## II. Failure to Vacate Lesser Included Offenses

■ Spry next argues that the court erred when it failed to vacate his convictions for battery by deadly weapon and battery resulting in serious bodily injury.[6] In the sentencing order, the trial court, having concluded that battery by deadly weapon and battery resulting in serious bodily injury were lesser included offenses, merged these convictions with the attempted murder conviction. Merging, without also vacating the convictions, is not sufficient. Our court has held that "where a defendant is found guilty of both the greater offense and the lesser included offense, the trial court's proper procedure is to vacate the conviction for the lesser included offense and enter a judgment of conviction and sentence only upon the greater offense." *Webster v. State*, 708 N.E.2d 610, 616 (Ind.Ct.App.1999), *trans. denied; Redman*, 679 N.E.2d at 932. Therefore, we remand this cause to the trial court with an order to vacate Spry's conviction of the lesser included offenses of battery by deadly weapon and battery resulting in serious bodily injury and enter judgment of conviction and sentence only upon the greater offense of attempted murder.

## III. Admission of Photographs

■ Spry's final argument is that the trial court erred in admitting, over his timely objection, photographs of the victim's wounds labeled State's Exhibits 4 though 10. *Record* at 370–73 and 378–80. Spry asserts that the photographs were unnecessarily repetitive and inflammatory. The admission of photographs is within the sound discretion of the trial court and the photographs are admissible if "they provide relevant evidence and their relevance

---

**6.** Spry also argues that the court erred when it failed to vacate his conviction for aggravated battery. Because, in the double jeopardy discussion, we held that Spry's conviction for aggravated battery must be vacated, this argument is moot.

is not outweighed by their tendency to inflame and impassion the jury against the defendant." *Edgecomb v. State,* 673 N.E.2d 1185, 1196 (Ind.1996). The question is one of balancing. Ind. Evidence Rule 403.[7] The trial court has broad discretion in determining whether photographs in a particular case should be admitted and we review the admission of such photographs only for an abuse of discretion. *Edgecomb,* 673 N.E.2d at 1196.

The seven photographs at issue were relevant to show the placement and severity of Colber's injuries after the stabbing. The photographs showed close-ups of the entrance and exit wound to Spry's arm, close-ups of the wound to the chest, and the location of the wounds on Colber's body. The photographs are clinical in nature, were not cumulative, and would not have been unduly prejudicial to Spry nor inflammatory for the jury. Because the probative value of the photographs was not outweighed by their tendency to inflame the jury's emotions, the trial court did not err in admitting them. *Edgecomb,* 673 N.E.2d at 1196.

### Conclusion

Spry's conviction for attempted murder is affirmed. We remand this case to the trial court to vacate Spry's conviction and sentence for aggravated battery and his convictions for battery with a deadly weapon and battery resulting in serious bodily injury.

Affirmed in part, reversed in part, and remanded with instructions.

SHARPNACK, C.J., and RILEY, J., concur.

---

7. Indiana Evidence Rule 403 provides:
   "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."