Richard E. PAYTON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–0403–CR–139.

Court of Appeals of Indiana.

Nov. 30, 2004.

Anthony S. Churchward, Deputy Public Defender, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Richard E. Payton ("Payton") appeals his convictions for sexual battery as Class D felonies[1] and his aggregate thirty-nine-year sentence. We reverse and remand in part and revise in part.

### Issues

Payton raises two issues, the first of which we restate as whether the evidence is sufficient to support his convictions for sexual battery. We do not address this issue. Rather, we address, *sua sponte,* whether Payton's simultaneous convictions for sexual battery as Class D felonies, child molesting as Class C felonies, and sexual misconduct with a minor as a Class C felony violate the Indiana Constitution's prohibition against double jeopardy. The second issue raised by Payton is whether the trial court abused its discretion when it imposed the thirty-nine-year sentence.

### Facts and Procedural History

On June 21, 2003, twelve-year-old K.S., fourteen-year-old D.S., eleven-year-old Ke. S., and twelve-year-old R.T. (collectively, the "Children") were playing behind a children's recreational facility in Fort Wayne, Indiana. At some point, Payton approached D.S. and asked if anyone was with her, to which she affirmatively replied. Payton then made the Children stand in a line, told them he was an undercover police officer, "flipped [them] a badge," and showed them his handcuffs. Tr. at 123. Payton proceeded to tell the children that they were trespassing and asked them if they were carrying drugs or weapons. With the children lined up in a row, Payton asked each, one by one, to take three steps backwards so that he

could conduct a pat-down search. Believing that Payton was a police officer and fearing that they would go to jail if they disobeyed his orders, the Children complied. D.S. testified that, during her pat-down search, Payton "started with [her] breasts and he rubbed them and . . . lifted them up. And then he went down to [her] private area, [her] vagina, and he just did it so hard that it made [her] jump." *Id.* at 125. D.S. also testified that, although Payton touched her pockets during the pat-down, he spent more time patting down her breasts and vagina.

K.S. also testified that, during Payton's pat-down search of her, he spent more time on her breasts and vagina. K.S. further testified that Payton's pat-down of her breasts and vagina was not a pat, but more a "lift and a rub." Tr. at 97. After Payton finished patting-down K.S., he told her not to look at her other friends or he would send her to a juvenile facility. R.T. testified that Payton touched his private parts when he patted him down and warned that he would take the children to jail if they trespassed again. Ke.S. testified that Payton patted him down in the same manner as he had done R.T., spending more time patting his private area.

After Payton finished patting down the Children, he told them to leave the premises. Payton threatened that if the Children returned to the recreational facility, he would send them to a juvenile correctional facility. The Children went to D.S.'s house and contacted the police. Fort Wayne Police Officer Jean Gigli ("Officer Gigli") responded to the Children's call, saw Payton approximately three or four blocks away from the recreational facility, and confronted him about the incident. Payton admitted that he told the Children he was an undercover officer and that he

---

1. Ind.Code § 35–42–4–8.

had patted them down. During a subsequent pat-down search of Payton, Officer Gigli discovered two condoms, a ten-ounce bottle of Lubriderm lotion, and a pair of handcuffs.

Subsequently, Payton admitted to Fort Wayne Police Detective Cary Young ("Detective Young") that he showed the Children a badge and patted them down, "like he had observed police officers do on television." *Id.* at 207. Payton also told Officer Young that he was not a law enforcement officer, but rather a janitor at a truck plaza.

In late June of 2003, the State charged Payton with the following Counts: (I) impersonation of a police officer as a Class D felony;[2] (II) sexual battery of D.S. as a Class D felony; (III) sexual battery of K.S. as a Class D felony; (IV) sexual battery of R.T. as a Class D felony; (V) child molesting of R.T. as a Class C felony;[3] (VI) child molesting of K.S. as a Class C felony; and (VII) sexual misconduct with a minor, i.e., D.S., as a Class C felony.[4] On August 5, 2003, the State charged Payton with being a habitual offender. At the conclusion of Payton's trial, the jury found Payton guilty as charged on Counts I through VII. Further, the jury found that Payton is a habitual offender.

On February 9, 2004, the trial court entered judgments of conviction on the jury's verdicts, including the habitual offender finding. For purposes of sentencing, however, the trial court merged the sexual battery of D.S. conviction into the sexual misconduct with D.S. conviction; the sexual battery of K.S. conviction into the child molesting of K.S. conviction; and the sexual battery of R.T. conviction into

the child molesting of R.T. conviction. The trial court then sentenced Payton to three years in the Indiana Department of Correction for the impersonation conviction, eight years for the child molesting of R.T. conviction, eight years for the child molesting of K.S. conviction, and eight years for the sexual misconduct with D.S. conviction. The trial court enhanced the sexual misconduct with D.S. conviction by twelve years because of Payton's status as a habitual offender and ordered that the sentences be served consecutive to each other, for an aggregate sentence of thirty-nine years.[5] In so doing, the trial court found no mitigating circumstances and the following aggravating circumstances: (1) Payton's prior criminal history consisting of two misdemeanor and four felony offenses, including murder; (2) the nature and circumstances of the crimes; (3) that prior efforts at rehabilitating Payton have failed; and (4) in committing these crimes, Payton violated the conditions of his probation. This appeal ensued.

### Discussion and Decision

#### I. Double Jeopardy

■ On appeal, Payton first argues that the evidence is insufficient to support his three convictions for sexual battery, all as Class D felonies. We do not address this issue. Rather, we address, *sua sponte*, the issue of whether Payton's simultaneous convictions for sexual battery as Class D felonies, child molesting as Class C felonies, and sexual misconduct with a minor as a Class C felony violate the Indiana Constitution's prohibition against double jeopardy.

Here, the trial court entered judgments of conviction, in relevant part, on the fol-

---

2. Ind.Code § 35–44–2–3.

3. Ind.Code § 35–42–4–3.

4. Ind.Code § 35–42–4–9.

5. The trial court also ordered Payton to serve the thirty-nine-year sentence consecutive to sentences for two other felony cause numbers.

lowing counts: (II) sexual battery of D.S.; (III) sexual battery of K.S.; (IV) sexual battery of R.T.; (V) child molesting of R.T.; (VI) child molesting of K.S.; and (VII) sexual misconduct with a minor, i.e., D.S. Recognizing that the sexual battery of D.S., sexual battery of K.S., and sexual battery of R.T. convictions are lesser-included offenses of the sexual misconduct with D.S., child molesting of K.S., and child molesting of R.T. convictions, the trial court merged the former offenses into the latter ones for sentencing purposes.[6]

■ However, the trial court's act of merging, without also vacating, the convictions is not sufficient. Indeed, a double jeopardy violation occurs when judgments of conviction are entered and cannot be remedied by the "practical effect" of concurrent sentences or by merger after conviction has been entered. *See Jones v. State,* 807 N.E.2d 58, 67–68 (Ind.Ct.App. 2004), *trans. denied; see also Webster v. State,* 708 N.E.2d 610, 616 (Ind.Ct.App. 1999) (holding that "where a defendant is found guilty of both the greater offense and the lesser included offense, the trial court's proper procedure is to vacate the conviction for the lesser included offense and enter a judgment of conviction and sentence only upon the greater offense"),

*trans. denied.* Therefore, we remand this cause to the trial court with an order to vacate Payton's convictions of the lesser-included offenses of sexual battery and enter judgments of conviction and sentence only upon the greater offenses of child molesting and sexual misconduct with a minor. *See, e.g., Spry v. State,* 720 N.E.2d 1167, 1170 (Ind.Ct.App.1999), *trans. denied.*

## II. Appropriate Sentence

■ Payton next argues that the trial court abused its discretion when it sentenced him to thirty-nine years in the Indiana Department of Correction. Sentencing decisions rest within the sound discretion of the trial court and such decisions will be reversed only upon a showing of a manifest abuse of that discretion. *Thacker v. State,* 709 N.E.2d 3, 9 (Ind. 1999), *reh'g denied.*

■ Here, the trial court sentenced Payton, in relevant part, to the maximum term of three years for his impersonating a police officer conviction,[7] the maximum term of eight years for the child molesting convictions, and the maximum and enhanced term of twenty years for his sexual misconduct with a minor conviction,[8] and

---

6. Payton does not challenge the trial court's finding that sexual battery, as charged, was a lesser-included offense of child molesting and sexual misconduct with a minor. Nor does Payton challenge the sufficiency of the evidence supporting the child molesting and sexual misconduct with a minor convictions.

7. Payton was convicted of impersonating an officer as a Class D felony. Indiana Code Section 35–50–2–7 provides, in pertinent part, that "[a] person who commits a Class D felony shall be imprisoned for a fixed term of one and one-half (1 1/2) years, with not more than one and one-half (1 1/2) years added for aggravating circumstances or not more than one (1) year subtracted for mitigating circumstances."

8. Payton was convicted of child molesting and sexual misconduct with a minor, both as Class C felonies. Indiana Code Section 35–50–2–6 provides, in relevant part, that "[a] person who commits a Class C felony shall be imprisoned for a fixed term of four (4) years, with not more than four (4) years added for aggravating circumstances or not more than two (2) years subtracted for mitigating circumstances."

Moreover, Indiana Code Section 35–50–2–8, which applies to habitual offender enhancements, provides:
The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive

ordered that the sentences be served consecutively. In so doing, the trial court found several aggravating circumstances including Payton's criminal history. This aggravator is sufficient to support Payton's enhanced sentences. *See, e.g., Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt, or admitted by the defendant"), *rehg denied; see also Powell v. State,* 751 N.E.2d 311, 317 (Ind.Ct.App.2001) (holding that an enhanced sentence will be affirmed if it is supported by a legitimate aggravator). Moreover, "a single aggravating circumstance may be used both to enhance a sentence and to impose consecutive sentences." *Allen v. State,* 722 N.E.2d 1246, 1253 (Ind.Ct.App.2000). Accordingly, the trial court did not abuse its discretion by imposing the enhanced sentences for Payton's convictions and ordering that those sentences be served consecutive to each other.

■ Payton further argues that his thirty-nine-year sentence was inappropriate in light of the nature of the offenses and the character of the offender. *See* Ind. Appellate Rule 7(B). In the present case, the trial court sentenced Payton to the maximum term of thirty-nine years. In general, the maximum possible sentences should be reserved for the worst offenders and offenses. *See Buchanan v. State,* 767 N.E.2d 967, 974 (Ind.2002). Indeed, the presumptive sentence is meant to be the starting point for the trial court's consideration of the appropriate sentence for the particular crime or crimes commit-

ted. *Williams v. State,* 782 N.E.2d 1039 1051 (Ind.Ct.App.2003), *trans. denied.*

■ In this case, the record reveals that Payton, while impersonating a police officer, inappropriately touched the Children, under the guise of a pat-down search. During the incident, which lasted for a minute or two for each child, the Children were fully clothed. After the "searches," Payton told the Children to leave the premises and did not subject them to any further inappropriate conduct. The record also indicates that Payton has a criminal history consisting of two misdemeanor and four felony offenses, including a 1983 murder conviction, for which he has served time. The evidence further demonstrates that Payton committed the present offenses while on probation from another offense.

■ From this evidence, it is clear that Payton's character falls within the category of the worst offenders. However, we are also obliged to consider the nature of the offenses. In our opinion, the offenses committed, while egregious, are by far not the worst we have reviewed. Therefore, in this category of offenses, we do not find Payton's actions to be the worst we have reviewed and, thus, we deem his aggregate thirty-nine-year sentence to be inappropriate. Therefore, we revise Payton's sentence to reflect the presumptive for each offense, i.e., one and one-half years for the impersonating a police officer conviction, four years for the child molesting convictions, and four years—enhanced by twelve years—for the sexual misconduct with a minor conviction, to be served consecutively for an aggregate sentence of twenty-five and one-half years.

sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years.

For the foregoing reasons, we reverse Payton's convictions for sexual battery and remand to the trial court with instructions to vacate Payton's conviction of the lesser-included offenses of sexual battery and enter judgments of conviction and sentence only upon the greater offenses of child molesting and sexual misconduct with a minor. We also revise Payton's aggregate sentence to twenty-five and one-half years.

Reversed and remanded in part and revised in part.

DARDEN, J., concurs.

MATHIAS, J., concurs in part and dissents in part with separate opinion.

MATHIAS, Judge, concurring and dissenting.

I concur with the majority's determination that Payton's convictions of the lesser-included offenses of sexual battery must be vacated on double jeopardy grounds. However, believing that Payton's sentence is entirely appropriate, I respectfully dissent from the majority's decision to modify that sentence.

When we review the appropriateness of a sentence "we exercise with great restraint our responsibility to review and revise sentences, recognizing the special expertise of the trial bench in making sentencing decisions." *Green v. State*, 811 N.E.2d 874, 880 (Ind.Ct.App.2004). As the majority observes, our supreme court has determined that the maximum possible sentence should be reserved for the worst offenders and offenses. Op. at 498 (citing *Buchanan v. State*, 767 N.E.2d 967, 974 (Ind.2002)). In applying that principle, our court has held when determining whether

a case is among the very worst offenses and a defendant among the very worst offenders, thus justifying the maximum

sentence: We should concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.

*Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct.App.2002), *trans. denied; see also Foster v. State*, 795 N.E.2d 1078, 1092 (Ind.Ct. App.2003), *trans. denied.*

I agree with the majority's determination that "Payton's character falls within the category of the worst offenders." *See* Op. at 498. However, the majority also concluded that Payton's offenses "while egregious, are by far not the worst we have reviewed," and therefore, found his aggregate thirty-nine-year sentence to be inappropriate. *Id.*

In considering the nature of Payton's offenses, the trial court found the offenses "to be particularly disturbing." Sentencing Tr. p. 15. The court noted that Payton accosted the children while they were playing by impersonating a police officer. *Id.* By impersonating a police officer, Payton led the children to believe that they were required to submit to his authority and used that belief to molest and sexually batter the children. Therefore, after considering the nature of the offense and the character of the offender, I conclude, as did the trial court, that the maximum sentence was warranted in this case. Accordingly, I would affirm the trial court's decision to sentence Payton to the maximum, aggregate sentence of thirty-nine years.