**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ELGIN LAMONT HOYLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1307-CR-363 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas J. Stefaniak, Jr., Judge
Cause No. 45G04-1009-FA-38

**February 13, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Elgin Lamont Hoyle (Hoyle), appeals his sentence following a guilty plea for dealing in a narcotic drug, a Class B felony, Ind. Code § 35–48–4–1.

We affirm.

## ISSUE

Hoyle raises one issue on appeal which we restate as follows: Whether his sentence was appropriate in light of the nature of the crime and his character.

## FACTS AND PROCEDURAL HISTORY

On August 12, 2010, in the 400 block of Michigan Avenue in Hammond, Indiana, Hoyle delivered 0.2 grams of heroin to a confidential informant working with the Hammond Police Department in exchange for forty dollars. On September 8, 2010, the State filed an Information, charging Hoyle with Counts I and II, dealing in narcotics, Class A felonies, I.C § 35–48–4–1. On April 2, 2013, the State and Hoyle reached a plea agreement in which the State dismissed Counts I and II and filed an amended Information by adding Count III, dealing in a narcotic drug, a Class B felony. Hoyle pled guilty and both parties left the sentencing open to the trial court. On July 16, 2013, the trial court held a sentencing hearing and sentenced Hoyle to twenty years imprisonment.

## DISCUSSION AND DECISION

*I. Standard of Review*

Hoyle asserts that the twenty-year prison sentence imposed by the trial court was inappropriate. When reviewing a sentence imposed by the trial court, we may revise a sentence if it is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B). *See Payton v. State*, 818 N.E.2d 493, 498 (Ind. Ct. App. 2004), *trans. denied*. Thus, when making this examination, we may look to any factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied*. However, the defendant bears the burden to "persuade the appellate court that his sentence has met this inappropriate standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

## II. Inappropriate Sentence

We recognize that Hoyle received a sentence of twenty years- the maximum sentence for a Class B felony. *See* I.C § 35–50–2–5. We have held previously that maximum sentences should generally be reserved for the worst of the offenders. *Buchanan v. State*, 699 N.E.2d 655, 657 (Ind. 1998). However as we have explained,

> If we were to take this language literally, we would reserve the maximum punishment for only the single most heinous offense.... We should concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.

*Brown v. State,* 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*.

As to the nature of the offense, the record reveals that Hoyle sold 0.2 grams of heroin to a confidential informant for forty dollars. As to Hoyle's character, the record shows that he has an extensive criminal history. Hoyle's criminal record dates back to 1996 and it

includes six felony convictions to date. In 1996, Hoyle was arrested for conspiring to sell drugs to a minor and was sentenced in 1997 to four years. In 1998, he was convicted of manufacture/delivery of a controlled substance and was sentenced to six years. In 2001, he was convicted of possession of a controlled substance and was sentenced to three years. In 2003, he was convicted of manufacture/delivery of a controlled substance and sentenced to four years. In 2006, he was convicted of kidnapping and sentenced to five years. In 2010, he pled guilty to resisting law enforcement and was sentenced to one year probation.

In addition, we note that Hoyle was on probation when he committed the instant crime. Also, it is clear that prior leniency to short prison sentences has not deterred Hoyle's criminal behavior. Furthermore, the record shows that Hoyle has admitted to using illegal drugs, thus indicating he is not a law abiding citizen and continues his life of crime. Although Hoyle expressed remorse for his actions and entered into a plea agreement, the State awarded him the benefit by reducing the number and severity of his charges. He should not now be given an additional benefit in a further reduction of his sentence. Lastly we are not convinced that Hoyle has turned his life around. The record reveals that he only became gainfully employed after he had been charged with the instant crime. Moreover, after he was charged with the instant crime, he was arrested on different occasions in Illinois for obstruction of justice, manufacture/delivery of a controlled substance and also driving on a suspended/revoked license. Therefore, we cannot say Hoyle's sentence was inappropriate.

## CONCLUSION

4

Based on the foregoing, we conclude that Hoyle's sentence was not inappropriate in light of the nature of the offense and his character.

Affirmed.

VAIDIK, C.J. and MAY, J. concur