## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 9:44 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Ronald K. Smith
Public Defender
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Douglas L. Wilson, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 29, 2016

Court of Appeals Case No.
18A04-1506-CR-689

Appeal from the Delaware Circuit Court

The Honorable Marianne Vorhees, Judge

Trial Court Cause No.
18C01-1410-F3-3

**Najam, Judge.**

# Statement of the Case

Douglas L. Wilson, Jr. appeals his conviction for burglary, as a Level 3 felony, and battery, as a Level 6 felony, following a jury trial. Wilson raises two issues for our review, namely, whether the State presented sufficient evidence to support each of his convictions. We affirm Wilson's convictions, but we remand with instructions for the trial court to clarify whether Wilson continues to have two judgments of conviction entered against him.

# Facts and Procedural History

On September 25, 2014, Wilson got into an argument with his brother-in-law, Christopher Taylor. Wilson told Taylor that Taylor "better sleep with one eye open." Tr. at 4. That night, after Taylor had gone to bed in his house, he "woke up being drug out of bed by [his] ankles" by Wilson and two other men. *Id.* at 6. Wilson then "stomped" on Taylor's face and hands, the back and side of Taylor's head, "just anywhere he could." *Id.* at 8. Taylor's wife (and Wilson's sister), Misty, awoke to Taylor "screaming for help." *Id.* at 9. After some time, the men gave up their attack and left. Taylor then called 9-1-1. Taylor was "[v]ery much" in pain. *Id.* at 13. Taylor later noticed that one of his home's windows had been forced open.

On October 6, 2014, the State charged Wilson with burglary, as a Level 3 felony, on the grounds that he "did break and enter the dwelling of [Taylor] with the intent to commit a felony[] therein." Appellant's App. at 12. The State also charged Wilson with battery, as a Level 6 felony. Following the close

of evidence, the jury found Wilson guilty on both counts, and the trial court "enter[ed] judgment of conviction as to Count 1 [burglary] and Count 2 [battery]." Tr. at 98.[1] However, in its sentencing order, the court ordered "Count 2 [battery] merge[] into Count 1 [burglary]." Appellant's App. at 125. This appeal ensued.

## Discussion and Decision

### Issue One: Sufficiency of the Evidence

[4] On appeal, Wilson challenges the sufficiency of the State's evidence against him. Our standard for reviewing the sufficiency of the evidence needed to support a criminal conviction is as follows:

> First, we neither reweigh the evidence nor judge the credibility of witnesses. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009).

---

[1] Following the close of evidence, the transcript reads as follows:

(Final Instructions read.)

(Final argument by the State of Indiana.)

(Final argument by Defense.)

(Summation by the State.)

Tr. at 97. This is completely unacceptable. Information stated audibly in a courtroom before a jury must be transcribed to facilitate appellate review. For example, here, having a record of the State's closing argument could have made the confusion regarding merger of the two convictions, discussed below, more clear and enabled us to give the trial court more guidance on this issue. *See, e.g.*, *Lee v. State*, 892 N.E.2d 1231, 1234 (Ind. 2008) ("In determining the facts used by the fact-finder to establish the elements of each offense, it is appropriate to consider the charging information, jury instructions, and arguments of counsel.").

Second, we only consider "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* (quoting *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008)). A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* "It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling." *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005) (citations omitted).

*Willis v. State*, 27 N.E.3d 1065, 1066-67 (Ind. 2015).

[5] We first consider Wilson's assertion that the State failed to prove he committed burglary, as a Level 3 felony, because the State did not show that he intended to commit a felony in Taylor's home. Wilson's argument on this issue does not actually discuss the evidence presented by the State. Indeed, Taylor's testimony made clear that, prior to the attack, he and Wilson had had an argument and Wilson had told Taylor to "sleep with one eye open." Tr. at 4. Taylor's testimony then thoroughly demonstrated that Wilson battered Taylor inside Taylor's home later that night. We reject Wilson's argument that the State failed to present sufficient evidence that Wilson intended to commit a felony inside Taylor's home.

[6] We next consider Wilson's argument that the State failed to prove he committed battery, as a Level 6 felony, because it did not show that he had "inflicted moderate bodily injury upon" Taylor. Appellant's Br. at 6. But

Wilson's four-sentence argument on this issue is without cogent reasoning. Indeed, Wilson merely asserts that "Taylor's alleged injuries did not arise [sic] to the level of moderate bodily injury." *Id.* The jury had Taylor's description of his own injuries before it and was free to reject Wilson's argument. We affirm on this issue as well.

### Issue Two: "Merger" of the Two Convictions

[7] We next address, *sua sponte*, the trial court's statement in its sentencing order that "Count 2 [battery] merge[] into Count 1 [burglary]." Appellant's App. at 125. Merger of two guilty verdicts is an oft-used tool by our trial courts to avoid double jeopardy violations. *E.g.*, *Payton v. State*, 818 N.E.2d 493, 497 (Ind. Ct. App. 2004), *trans. denied*. However, "the trial court's act of merging, without also vacating, the convictions is not sufficient" to avoid such violations. *Id.* "Indeed, a double jeopardy violation occurs when judgments of conviction are entered and cannot be remedied by the 'practical effect' of concurrent sentences or by merger after conviction has been entered." *Id.*

[8] Here, the trial court entered judgment of conviction against Wilson for both burglary and battery. The State asserts that the trial court's order that the offenses be merged was based on double jeopardy concerns. But we cannot say that definitively. As noted above, *see* footnote 1, parts of the transcript are totally missing, and the trial court's sentencing order does not explain the basis for the merger language. Indeed, the sentencing order says that the two counts are merged but also explicitly reaffirms that two judgments of conviction have

been entered against Wilson.[2]  Accordingly, we remand with instructions for the court to clarify its order that "Count 2 [battery] merge[] into Count 1 [burglary]."  Appellant's App. at 125; *see, e.g.*, *Hayden v. State*, 19 N.E.2d 831, 842 (Ind. Ct. App. 2014), *trans. denied*.  If the basis for the court's merger of the two counts was to avoid double jeopardy concerns, then we instruct the court to vacate the judgment of conviction on Count 2, the Level 6 felony battery.

[9]     Affirmed and remanded with instructions.

Riley, J., and May, J., concur.

---

[2]  Further, while it is true that double jeopardy violations can be addressed by this court *sua sponte* as fundamental error, "[t]he issue of fundamental error is . . . determined on a case by case basis."  *Taylor v. State*, 717 N.E.2d 90, 95 n.7 (Ind. 1999).  Given the record on appeal, we think the most prudent course going forward on whether the entry of conviction against Wilson for both burglary and battery violates his double jeopardy rights first requires the trial court to clarify the language in its sentencing order that "Count 2 [battery] merge[] into Count 1 [burglary]."  Appellant's App. at 125.