## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 27 2016, 8:34 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Hubert Wheat,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 27, 2016<br><br>Court of Appeals Case No.<br>49A04-1508-CR-1195<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Ronnie Huerta, Commissioner<br><br>Trial Court Cause No.<br>49G19-1410-CM-48618 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, the trial court found Hubert Wheat guilty of operating a vehicle while intoxicated with an alcohol concentration equivalent ("ACE") of 0.15 or more, and operating a vehicle while intoxicated in a manner that endangers a person, both Class A misdemeanors. Wheat raises one issue on appeal: whether there is sufficient evidence of endangerment to support his conviction for operating a vehicle while intoxicated in a manner that endangers a person. Concluding the evidence is sufficient, we affirm his conviction. We remand, however, with instructions for the trial court to vacate Wheat's conviction of operating a vehicle with an ACE of 0.15 or more.

# Facts and Procedural History

[2] Shortly after midnight on October 21, 2014, Indianapolis Metropolitan Police Department Officer Darryl Jones was traveling westbound on 38th Street when a van without a working license plate light pulled out in front of him. The van then made three illegal lane changes before making an illegal U-turn at the intersection of 38th and Boulevard Place. Officer Jones conceded there was "minimal traffic" at the time, transcript at 34; however, he also stated the intersection at 38th and Boulevard is among the most dangerous intersections in the city due to speed and sightlines: "there's a lot of accidents at that location," *id.* at 13. Officer Jones followed the vehicle until it pulled into the parking lot of a gas station at 38th and Capitol Avenue. Officer Jones activated

his emergency lights and initiated a stop due to the multiple traffic infractions committed.

[3] Officer Jones approached the vehicle and observed two occupants in the vehicle. Officer Jones noted that the driver, identified as Wheat, smelled of alcohol and had poor manual dexterity, slurred speech, and bloodshot, watery eyes. Officer Jones had Wheat exit the vehicle and observed that Wheat was unsteady and staggering. Officer Jones administered the horizontal gaze nystagmus test and the one-leg stand test, two out of the three field sobriety tests that Officer Jones regularly administers. Wheat failed both. Wheat stated that he could not complete the third test—the nine-step walk and turn test—because he recently had hip surgery. Officer Jones obtained a warrant for blood testing, which showed Wheat's blood contained 0.16 grams of alcohol per one hundred milliliters of blood.

[4] Officer Jones did not cite Wheat for any of the traffic infractions. Wheat was, however, charged with operating a vehicle while intoxicated in a manner that endangers a person and operating a vehicle while intoxicated with an ACE of 0.15 or more, both Class A misdemeanors. The court held a bench trial, after which it found Wheat guilty of both counts. The court then stated that for both counts, it was imposing a sentence of 365 days with credit for three days served and the balance suspended to probation and "[t]hey will run concurrently to one another." Tr. at 125-26. This appeal followed.

# Discussion and Decision

# I. Sufficiency of the Evidence

## A. Standard of Review

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). "It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction." *Id.* The conviction will be affirmed unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* at 146-47. (citation omitted). To convict Wheat of operating a vehicle while intoxicated as a Class A misdemeanor, the State had to prove beyond a reasonable doubt that Wheat operated his vehicle while intoxicated "in a manner that endangers a person." Ind. Code § 9-30-5-2(b).

## B. Evidence of Endangerment

Wheat does not challenge the sufficiency of the evidence showing he was intoxicated. Instead, he argues there is insufficient evidence showing his operation of the vehicle endangered a person because there was very little traffic at the time and his traffic infractions were minor.

In *Outlaw v. State*, 918 N.E.2d 379 (Ind. Ct. App. 2009), *adopted by* 929 N.E.2d 196 (Ind. 2010), a vehicle driven by Outlaw, accompanied by three passengers, was pulled over for not having a properly illuminated license plate, but no other traffic infractions were observed. Outlaw was, however, intoxicated. Outlaw

was convicted of operating a vehicle while intoxicated in a manner that endangers a person, a Class A misdemeanor. On appeal, Outlaw argued, in part, that the State failed to present any evidence on the element of endangerment. The State argued Outlaw's intoxication was sufficient to show he operated his vehicle in an unsafe manner, but conceded there was no other evidence that Outlaw operated the vehicle in an unsafe manner. We reversed Outlaw's conviction, holding "the State was required to submit proof of 'endangerment' that went beyond mere intoxication in order for the defendant to be convicted of operating while intoxicated, as a Class A misdemeanor." *Id.* at 382. Because the traffic stop "was based on a non-illuminated license plate *rather than erratic or unlawful driving*, . . . no evidence other than the intoxication suggests that Outlaw was operating his motor vehicle in a manner that would endanger himself, his three passengers, or any other person." *Id.* (emphasis added).

[8] Unlike the facts in *Outlaw*, Officer Jones observed Wheat making several unsafe and unlawful traffic maneuvers, in addition to observing his non-illuminated license plate. *See Staten v. State*, 946 N.E.2d 80, 84 (Ind. Ct. App. 2011) (upholding a conviction for operating a vehicle while intoxicated in a manner that endangers a person where the defendant crossed the centerline and ran a stop sign because the defendant's intoxication "resulted in unsafe driving practices"), *trans. denied*. Although the officer opted not to cite Wheat for these infractions, Officer Jones' testimony regarding Wheat's unlawful and unsafe driving is sufficient to prove Wheat operated a vehicle in a manner that could

endanger the public, the police, Wheat's passenger, or Wheat himself. *See Staley v. State*, 895 N.E.2d 1245, 1251 (Ind. Ct. App. 2008) (noting the endangerment clause "does not require the State to prove a person other that [sic] the defendant was actually in the path of the defendant's vehicle or in the same area"), *trans. denied*. Accordingly, the State presented sufficient evidence to support Wheat's conviction for operating a vehicle while intoxicated in a manner that endangers a person.

## II. Merger of Wheat's Convictions

[9] The trial court found Wheat guilty of both Class A misdemeanors with which he was charged and stated at the sentencing hearing it was imposing sentence on both counts.[1] We further note the sentencing order states there was a "finding of guilty" as to operating a vehicle while intoxicated in a manner that endangers a person and that, as to operating a vehicle with an ACE of 0.15 or more, the "conviction merged." Appellant's Appendix at 15. The sentencing order further reflects a 365-day sentence was imposed only on the conviction of operating a vehicle while intoxicated in a manner that endangers a person. *Id.*

[10] Operating a vehicle with an ACE of 0.15 or more is a lesser-included offense of operating a vehicle while intoxicated in a manner that endangers a person. *See* Ind. Code § 9-13-2-131 (stating that evidence of an ACE of at least 0.08 is prima

---

[1] Wheat's counsel asked, "Don't they merge, Judge[?]" Tr. at 126. The trial court replied, "Well, they should merge, but I'm not sure how it's going to get entered. All right, you'll figure it out." *Id.*

facie evidence of intoxication). It appears, from both the trial court's oral statements at the sentencing hearing and the language of the sentencing order, that the trial court entered a judgment of conviction on both counts, but intended to avoid a double jeopardy violation. The trial court's act of merging, without also vacating, the conviction of a lesser-included offense is insufficient to avoid a double jeopardy violation, however. *Payton v. State*, 818 N.E.2d 493, 497 (Ind. Ct. App. 2004), *trans. denied*. "Indeed, a double jeopardy violation occurs when judgments of conviction are entered and cannot be remedied by the 'practical effect' of concurrent sentences or by merger after conviction has been entered." *Id.* Accordingly, we remand with instructions for the trial court to vacate the conviction of operating a vehicle with an ACE of 0.15 or more.

# Conclusion

[11] The State presented sufficient evidence to support Wheat's conviction for operating a vehicle while intoxicated in a manner that endangers a person, a Class A misdemeanor. His conviction is affirmed. However, we remand for the conviction for operating a vehicle with an ACE of 0.15 or more to be vacated.

[12] Affirmed and remanded with instructions.

Najam, J., and Crone, J., concur.