# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

09/15/2017, 10:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jessica McCain,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 15, 2017

Court of Appeals Case No.
79A02-1703-CR-616

Appeal from the Tippecanoe
Superior Court.
The Honorable Randy J. Williams,
Judge.
Trial Court Case Number
79D01-1606-F1-8

**Friedlander, Senior Judge**

[1] After pleading guilty to one count of Level 1 felony child molesting,[1] Jessica McCain appeals from the trial court's sentencing order, contending that her forty-year sentence is inappropriate in light of the nature of the offense and the character of the offender. We reverse and remand with instructions.

[2] On May 28, 2016, twenty-three-year-old McCain was at an apartment in Lafayette, Indiana, with the one-year-old victim. McCain was giving the victim a bath. McCain admitted that she intentionally placed her mouth on the victim's penis while videotaping the incident on a borrowed cellphone. She had planned to send the video to her boyfriend. McCain also stated that she was aware that the victim was less than twelve years old.

[3] The State charged McCain with multiple offenses for this incident. McCain agreed to plead guilty to the most serious charge, Level 1 felony child molesting. Under the terms of the plea agreement, McCain's sentence was left open to argument and the discretion of the trial court.

[4] After hearing the arguments of counsel and reviewing the pre-sentence investigation report, the trial court imposed a forty-year sentence with thirty-eight years executed and two years suspended to probation. McCain now appeals.

---

[1] Ind. Code § 35-42-4-3(a)(1) (2015).

McCain contends that her sentence is inappropriate in light of the nature of the offense and the character of the offender, seeking review under Indiana Appellate Rule 7(B).

Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383 (Ind. Ct. App. 2014). When a defendant requests appellate review and revision of his sentence, we have the power to affirm or reduce the sentence. *Akard v. State*, 937 N.E.2d 811 Ind. 2010). In conducting our review, we may consider all aspects of the penal consequences imposed by the trial court in sentencing, i.e., whether it consists of executed time, probation, suspension, home detention, or placement in community corrections, and whether the sentences are ordered to run concurrently or consecutively. *Davidson v. State*, 926 N.E.2d 1023 (Ind. 2010).

We do not look to see whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is "inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard, *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218, and he must do so under both parts of the test. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006). Our resolution of whether a sentence is appropriate turns on myriad factors which come to light in a given case, including our sense of the culpability of the

defendant, the severity of the crime, and the damage done to others. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008).

[8] To assess whether the sentence is inappropriate, we look first to the statutory range established for the class of the offense. McCain pleaded guilty to one count of Level 1 felony child molesting for which the sentencing range is a fixed term of between twenty and fifty years, with the advisory sentence being thirty years. Ind. Code § 35-50-2-4 (2014).

[9] The advisory sentence is the starting point to determine the appropriateness of the sentence. *Holloway v. State*, 950 N.E.2d 803 (Ind. Ct. App. 2011). A factor appellate courts consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense contemplated by the legislature when setting the advisory sentence. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013).

[10] We then look at the nature of the offense. Both parties acknowledge as we do the deplorable nature of McCain's offense. McCain, the twenty-three-year-old mother of the one-year-old victim, placed her mouth on his penis while bathing him and admitted to being sexually aroused while doing so. She did so after having an oral sexual encounter with her boyfriend and a sexual conversation via text messages with him after he left. Additionally, at her boyfriend's urging through those text messages, she recorded the incident on a borrowed cellphone with the intent of sending the recording to him.

[11] Also relevant to our review is that McCain's offense was a solitary occurrence carried out at the urging of her boyfriend, but for which she readily accepted responsibility in carrying out. Although the victim will, at some point, learn of his mother's victimization of him, unlike most victims of child molesting, he is too young now to understand what happened to him and will likely not have a memory of the event.

[12] Next, we look at the character of the offender. In this case, the record reflects that McCain has no criminal history or history of the use of illegal substances. She also has a history of employment. Further, McCain accepted responsibility for her actions by pleading guilty to the highest-level felony with which she was charged and left the issue of sentencing open to argument and the trial court's discretion. She admitted her crime to law enforcement when she was first confronted and interviewed. The trial court acknowledged that the first time she was in court she wished to plead guilty.

[13] McCain clearly committed her crime against a child under her care, custody, and control, and who was significantly under the age provided for by statute. Her victimization of her young son in an effort to please her boyfriend clearly is deplorable. We conclude, nonetheless, that under these circumstances a sentence above the advisory sentence of thirty years is inappropriate under these circumstances.

[14] We remand this matter to the trial court for the purpose of imposing a thirty-year advisory sentence.

[15]     Judgment reversed and remanded with instructions.


Najam, J., concurs.

Mathias, J., concurs with separate opinion.

| | |
|---|---|
| Jessica McCain, | Court of Appeals Case No. |
| *Appellant-Defendant,* | 79A02-1703-CR-616 |
| v. | |
| State of Indiana, | |
| *Appellee-Plaintiff.* | |

**Mathias, Judge, concurring.**

[16] As a judge on the Court of Appeals of Indiana for the past seventeen years, I find it to be an extremely difficult decision to reduce the sentence of a convicted child molester, yet under the unique facts and circumstances of this case, I reluctantly join my colleagues in doing so. Therefore, I concur with Senior Judge Friedlander's opinion and its conclusion that McCain's maximum forty-year sentence is inappropriately harsh in light of the nature of the offense and the character of the offender. I write separately to emphasize the importance of the advisory sentence set forth by our General Assembly when considering cases such as the present one.

[17] Our supreme court has repeatedly held that the advisory sentence is the starting point when determining the appropriateness of a sentence. *See, e.g., Anglemeyer v. State,* 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (citing *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006)). Thus, all things being equal, a person convicted of *any* level of felony should receive the advisory sentence.

[18] Moreover, it has long been held that the maximum possible sentences are generally most appropriate for the worst offenders and offenses. *Payton v. State*, 818 N.E.2d 493, 499 (Ind. Ct. App. 2004) (Mathias, J., concurring in part and dissenting in part) (citing *Buchanan v. State*, 767 N.E.2d 967, 973 (Ind. 2002)), *trans. denied*.

[19] It is clear here that McCain's offense is deplorable, and indeed, I personally find it to be unthinkable. So are most cases of Level 1 felony child molestation, which is precisely why our General Assembly has set the advisory sentence at thirty years. But McCain, who has *no prior criminal history of any kind*, *and for whom this was a single and immediately regretted incident*, is not among the worst offenders.[2] In addition, the sentencing court found several mitigators, including McCain's immediate acceptance of responsibility and desire to plead guilty.

---

[2] However, a first crime can warrant the maximum sentence when it involves multiple incidents of brutal behavior. *See, e.g.*, *Heinzman v. State*, 970 N.E.2d 214, 229 (Ind. Ct. App. 2012) (holding that defendant's maximum sentence on three counts of child molesting was not inappropriate given the heinous circumstances of the crimes even though defendant did not have any prior criminal history at the time he committed his crimes), *trans. granted*, *aff'd in relevant part*, 979 N.E.2d 143 (Ind. 2012); *Booker v. State*, 790 N.E.2d 491, 496 (Ind. Ct. App. 2003) (holding that, even though defendant had no criminal history, imposition of maximum

Accordingly, I concur in Judge Friedlander's conclusion that McCain's maximum forty-year sentence is inappropriate and should be revised to the advisory sentence of thirty years.

---

sentence on each count was not inappropriate given the heinous circumstances of the offenses), *trans. denied*; *see also Grimes v. State,* No. 31A01-1609-CR-2190, ___ N.E.2d ___ (Ind. Ct. App. 2017) (affirming defendant's 111-year sentence despite his lack of criminal history).