FILED

Mar 28 2023, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael T. Owens,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 28, 2023

Court of Appeals Case No.
21A-CR-1900

Appeal from the Marion Superior
Court

The Honorable Angela Dow
Davis, Judge

Trial Court Cause No.
49D27-1902-F3-4274

**Opinion by Judge Weissmann**
Judges May and Crone concur.

**Weissmann, Judge.**

[1] Twenty-one days before Michael Owens's scheduled jury trial, the State amended its charging information to allege that Owens was a habitual offender. Owens did not then object to the amendment, but needing additional time to secure certain witnesses, he requested a continuance of his trial date. Eighteen months later, Owens was tried and convicted of all charges and sentenced to a total of 40 years in prison, including a 10-year habitual offender enhancement. Owens appeals only the enhancement, claiming the State's habitual offender amendment was untimely. Because his claim rests on a faulty reading of Indiana Code § 35-34-1-5(e), we affirm. However, we sua sponte remand to correct a sentencing error.

## Facts

[2] In February 2019, Owens twice punched his girlfriend, Candiance Day, in the face. He then pulled a gun on Day and shot her in the face, back, and leg. The gun was loaded with "birdshot," and Day survived the attack. Tr. Vol. II, pp. 196-97. However, the shooting left her blind in one eye.

[3] In connection with the incident, the State charged Owens with attempted murder, aggravated battery, and unlawful possession of a firearm by a serious violent felon (SVF). The trial court initially set the case for a jury trial to begin on April 29, 2019. But due to court congestion and continuances, the trial date was reset numerous times.

[4] On February 3, 2020—21 days before Owens's fifth trial setting and a year after charges were initially filed—the State amended its charging information to allege that Owens was a habitual offender. Two weeks later, the fifth trial setting was continued because Owens needed additional time to secure certain witnesses. After several more trial settings, Owens's jury trial finally began on August 10, 2021.

[5] At the outset of trial, Owens moved to dismiss the habitual offender enhancement as untimely. The trial court took the motion under advisement but eventually denied it, noting that the State had filed its habitual offender amendment 18 months earlier. Ultimately, Owens was convicted of all three charges and found to be a habitual offender.

[6] At sentencing, the trial court "merged" Owens's convictions for aggravated battery and attempted murder due to double jeopardy concerns. Tr. Vol. III, p. 159; App. Vol. II, p. 9. The court then sentenced Owens to 30 years in prison for attempted murder, plus a 10-year habitual offender enhancement. The court also sentenced Owens to a concurrent prison term for unlawful possession of a firearm by a SVF. Thus, Owens received an aggregate sentence of 40 years.

## Discussion and Decision

[7] Owens only appeals the trial court's denial of his motion to dismiss the habitual offender enhancement. But we also address sua sponte the trial court's attempt to resolve its double jeopardy concerns by merging, without vacating, Owens's conviction for aggravated battery.

# I. Habitual Offender

[8] Owens argues that the trial court erred in denying his motion to dismiss the habitual offender enhancement because the State failed to show good cause for its allegedly belated filing of the habitual offender amendment. The State claims it timely filed the amendment and, therefore, was not required to show good cause. Resolution of this issue hinges on our interpretation of Indiana Code § 35-34-1-5(e), which states:

> An amendment of an indictment or information to include a habitual offender charge under IC 35-50-2-8 must be made at least thirty (30) days *before the commencement of trial*. However, upon a showing of good cause, the court may permit the filing of a habitual offender charge at any time before the commencement of the trial if the amendment does not prejudice the substantial rights of the defendant.

(emphasis added).

[9] Owens contends that the phrase "before the commencement of trial" means before the trial date on the books when the habitual offender amendment is filed. The State counters that the phrase means before the beginning of trial, whenever that may occur. We agree with the State.[1]

---

[1] In arguing that the deadline is measured from the trial date in place when the State files its habitual offender amendment, Owens cites to this Court's decision in *Campbell v. State*, 161 N.E.3d 371 (Ind. Ct. App. 2020). But *Campbell* only concerned whether good cause existed for the State's belated habitual offender amendment. *Id.* at 376-77. The untimeliness of that amendment was not contested, and this Court did not interpret Indiana Code § 35-34-1-5(e) and its phrase "before the commencement of trial."

"When interpreting a statute, our primary goal is to fulfill the legislature's intent." *Mi.D. v. State*, 57 N.E.3d 809, 812 (Ind. 2016). "And the 'best evidence' of that intent is the statute's language." *Id.* (quoting *Adams v. State*, 960 N.E.2d 793, 798 (Ind. 2012)). "If that language is clear and unambiguous, we simply apply its plain and ordinary meaning, heeding both what it 'does say' and what it 'does not say.'" *Id.* (quoting *State v. Dugan*, 793 N.E.2d 1034, 1036 (Ind. 2003). Moreover, "[w]hen interpreting a statute, we seek to give effect to its enacted terms." *State v. Neukam*, 189 N.E.3d 152, 154 (Ind. 2022).

The word "commencement" plainly and ordinarily means "the beginning of something." *Commencement*, *Cambridge Online Dictionary*, https://dictionary. cambridge.org/us/dictionary/english/commencement (last visited Mar. 9, 2023).[2] Read together, the two sentences of Indiana Code § 35-34-1-5(e) clearly and unambiguously require a showing of good cause only when a habitual offender amendment is filed less than 30 days before the beginning of trial. They do not measure the deadline simply from a trial date.

In fact, the phrases "commencement of trial" and "trial date" are both used to establish deadlines throughout the Indiana Criminal Code. *See, e.g.*, Ind. Code § 35-34-1-10 (using "commencement of trial" as deadline for joinder motion); Ind. Code § 35-34-1-12 (using same as deadline for severance or separate trial motion); Ind. Code § 35-36-8-3 (using same as deadline for pretrial conference);

---

[2] *See also Commence, Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/commence (last visited Mar. 9, 2023) (defining "commence" to mean "start" or "begin").

Ind. Code § 35-36-8-1(c)(3) (using "trial date" as omnibus date); Ind. Code § 35-36-11-2 (using same to measure deadline for prosecution to file notice of intent to introduce the laboratory report); Ind. Code § 35-36-9-5 (using "initial trial date" to measure deadline for trial court to rule on defense petition alleging intellectual disability).

[13] The repeated use of both terms throughout the Criminal Code demonstrates our legislature's intent that a habitual offender amendment be filed no less than 30 days before the beginning of trial as opposed to a particular trial setting. *See* Ind. Code § 35-34-1-5(e). If the legislature intended the deadline to be measured from the "trial date" in place when the State files its amendment, it would have chosen that language. We therefore conclude that the 30-day deadline of Indiana Code § 35-34-1-5(e) is measured from the date on which trial actually begins.

[14] Our Supreme Court seemingly has reached a similar conclusion in the context of a joinder motion under Indiana Code § 35-34-1-10(b). *Dorsey v. State*, 490 N.E.2d 260, 265 (Ind. 1986), *overruled on other grounds by Wright v. State*, 658 N.E.2d 563 (Ind. 1995). That statute generally allows a trial court to join for trial separate informations charging a defendant with two or more related offenses. Ind. Code § 35-34-1-10(b). However, a motion for such joinder must be made "*before commencement of trial* on either of the offenses charged." *Id.* (emphasis added).

[15]     In *Dorsey*, the State moved for a continuance on the morning of a burglary trial, before prospective jurors were brought in for *voir dire*, because the defendant's alibi witnesses were unavailable to testify. The State also filed a motion under Indiana Code § 35-34-1-10(b), seeking to join for trial a related theft charge against the defendant. The trial court granted both motions, and on appeal, the defendant argued that the joinder was erroneous "due to the possible confusion and prejudice to a defendant facing multiple charges." *Dorsey*, 490 N.E.2d at 265. Our Supreme Court affirmed the trial court's judgment, concluding the alleged prejudice was only "that which is inevitable in every joinder case." *Id.* In reaching this conclusion, the Court noted that joinder motions must be filed "before commencement of trial." *Id.* The Court also observed: "the submission of the [burglary] case to trial was withdrawn and thus, for the purposes of [joinder], the trial had not yet commenced." *Id.*

[16]     In Owens's case, the State filed its habitual offender amendment on February 3, 2020. Though his trial was then-scheduled to begin 21 days later, it did not actually begin for another 18 months. Accordingly, the amendment was filed within 30 days of the commencement of Owens's trial. Because the amendment was timely, the State was not required to show good cause under Indiana Code § 35-34-1-5(e), and the trial court did not err in denying Owens's motion to dismiss the habitual offender enhancement.

## II. Merger

[17] We sua sponte address the trial court's "merger" of Owens's convictions for aggravated battery and attempted murder. Both the abstract of judgment and sentencing order list "Conviction Merged" as the disposition of the aggravated battery charge. App. Vol. II, pp. 23, 25. Because it appears the trial court entered judgment of conviction on the aggravated battery charge, merging the offenses was not enough to resolve the court's double jeopardy concern. *See Spry v. State*, 720 N.E.2d 1167, 1170 (Ind. Ct. App. 1999) ("Merging, without also vacating [lesser included] convictions, is not sufficient."). As the parties do not contest the trial court's double jeopardy determination, we remand this case to the trial court to vacate the "merged" conviction for aggravated battery in both its sentencing order and abstract of judgment.

[18] Affirmed and remanded.

May, J., and Crone, J., concur.